ATCHLEY *v.* STATE.

*(Knoxville,* September Term, 1940.)

Opinion filed November 23, 1940.

JAMES P. BROWN, of Knoxville, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice Chambliss delivered the opinion of the Court.

The question is presented for the first time whether or not power is conferred by Chapter 76 of the Acts of 1931, Williams' Code, 11802.1 *et seq.*, on the trial judge to grant a parole or suspension of sentence at a term subsequent to that when the conviction is finally adjudged.

Prior to the passage of this Act of 1931 judges had no such power to parole or to suspend a sentence (*Spencer* v. *State,* 125 Tenn., 64, 140 S. W., 597, 38 L. R. A (N. S.), 680), as is conferred by this Act. Being, therefore, in derogation of the common law, the Act must be strictly construed. It confers only such powers as are plainly within its express terms or necessary implications. *Linder* v. *Metropolitan Life Ins. Co.,* 148 Tenn., 236, 255 S. W., 43.

The facts of the instant case, briefly stated, are that Atchley was convicted of involuntary manslaughter at the May, 1939, term of the Knox Criminal Court, with a workhouse sentence of nine months. He appealed and this Court affirmed the judgment at the September term of that year, and remanded the case for enforcement.

January 2, 1940, Atchley began service of his workhouse term. May 20th he filed, in the Court in which he had been originally convicted a year before, a petition for parole, under this Act of 1931, alleging physical conditions calling for this relief. The trial judge dismissed the petition, holding that he had no jurisdiction to grant this relief at a term subsequent to that of the original conviction and of the affirmatory decree of the Supreme Court. It may be said that the record indicates that the

case is a proper one for some relief; that the trial judge and prosecuting attorney had previously joined in a recommendation to the Governor of a pardon, which had been refused on the ground that it was a matter for the local authorities; that it was following this action of the Governor that the petition was filed. However, despite the apparently meritorious nature of the petition, the trial judge felt constrained to dismiss it, failing to find any authority conferred upon him by this Act to grant the relief prayed at the time.

██ ██ We are constrained to agree with the trial judge. Not only does the Act contain no terms expressly conferring power to re-open and re-consider a case at a term subsequent to that of its trial and final judgment, —which being a power in the teeth of the general rule that Courts lose all jurisdiction over a case after the term at which final judgment is rendered, should be made to appear plainly,—but language employed appears to confine the parole or suspension power to the original judgment term.

After providing that trial judges may parole, or suspend sentences following convictions, upon the filing of petitions showing good reason therefor and upon the payment of the costs, the Act proceeds: "Every Trial Judge shall, in cases hereinabove mentioned, pronounce judgment against the defendant or defendants, which judgment shall be entered upon the minutes of his court, and if he elect to suspend and/or parole such judgment, the fact of such suspension and/or parole shall likewise be noted upon the minutes of his court *in the same minute entry as that which pronounces the judgment in such case.*" Section 2.

The learned Assistant Attorney-General in his brief in this Court quotes the foregoing and strongly relies on

the language we have italicized as necessarily limiting the exercise of the parole power conferred to the term of the conviction, since it is then and then only that the judgment may "be entered upon the minutes of his court." It has been seen that the modifying provision for parole or suspension "shall likewise be noted upon the minutes of his court," and shall be so noted "in the same minute entry as that which pronounces the judgment in such case."

It must be assumed that the Legislature intended to restrict the exercise of this extraordinary power as this language plainly imports. There are reasons therefor which readily suggest themselves. The principle is the same as that which, in recognition of the blighting blur of time and the frailty of human memory, places time limits on the power of Courts over decrees, and particularly over the authority to review the facts. It may be, also, that the Legislature recognized that it might not be wise to vest in all trial judges this extension of powers susceptible of great abuse, thus holding the power open over numerous prisoners, with their hordes of friends, and subjecting the Court to constant and repeated hearings of these applications, to the detriment and delay of other pressing business.

Counsel cite *Stanley et al.* v. *State,* 171 Tenn., 406, 104 S. W. (2d), 819, a misdemeanor case, affirmed by this Court. In that case it appeared that the trial judge had expressed a purpose to mitigate the punishment and, therefore, this Court remanded the case in order that the trial judge might enter his final judgment, with such modifications as he might see fit, and particularly with authority to grant a parole under the Act of 1931. Under the proceeding in that case the *final* judgment was not entered on the minutes until after the remand by this

Court. The case is not, therefore, a recognition of the right of the judge to exercise the power of parole at a term subsequent to that of the entry of the final judgment fixing the punishment.

Affirmed.