STATE OF TENNESSEE ex rel. JAMES THOMAS
JEFFERSON, Petitioner,

*v.*

STATE OF TENNESSEE, Respondent.

436 S.W.2d 437.

(*Nashville,* December Term, 1968.)

Opinion filed January 17, 1969.

414

Avon N. Williams, Jr., Nashville, for petitioner; Looby & Williams, Nashville, of counsel.

George F. McCanless, Attorney General, and Thomas E. Fox, Deputy Attorney General, Nashville, and Thomas H. Shriver, District Attorney General, and Richard Speight, Assistant District Attorney General, Nashville, prosecuted the case in the trial court, for respondent.

PER CURIAM.

On July 1, 1968, petitioner James Thomas Jefferson was arrested and charged with a capital offense. On July 2, 1968, upon application of petitioner to be admitted to bail, a hearing was had before the General Sessions Court of Davidson County, Tennessee. After a full hearing the Judge of the General Sessions Court denied petitioner the right to be admitted to bail. In the General Sessions Court hearing the State was correctly required to carry the burden of proof and offer evidence to sustain the right of the State to retain petitioner in custody, since this hearing on the issue of bail was held prior to any indictment. *Shaw v. State,* 164 Tenn. 192, 47 S.W.2d 92 (1932).

On July 3, 1968, petitioner filed his petition now before this Court in the Criminal Court of Davidson County, Tennessee, which petition recites the proceedings in the General Sessions Court on the application for bail. The relief sought by this petition in the Criminal Court is that the petitioner be admitted to bail. The Criminal Court admitted a copy of the proceedings in the General Sessions Court to be filed in the record as an exhibit to the petition.

In answer to the petition in the Criminal Court the State filed a demurrer based on T.C.A. 40-1205, which Code section is as follows:

If application to admit to bail be made to a circuit or criminal court, or to a judge, and denied, no subsequent application can be made, except upon the allegation by affidavit of new evidence material to the defense, and stating the substance of the evidence.

The Judge of the Criminal Court treated the petition filed therein as another petition for bail and after denial

of such by the General Sessions Court, there being no new evidence alleged, as required by the statute, sustained the demurrer.

· ■ The right to bail with exception is guaranteed by the Constitution of the State of Tennessee, Article 1, Section 15. The exception makes the issue here since the petitioner is charged with a capital offense and such issue is to be determined on whether the proof is evident or the presumption great that petitioner committed the crime as charged.

■ The General Assembly has dealt with this right to bail by enactment of several statutes, now carried in T.C.A. as Chapter 12, Title 40. Under these statutes the General Assembly has not set out any particular method whereby the action of the court in denying bail can be reviewed by an appellate court. Such being true the statutory writ of certiorari, T.C.A. 27-802, as a substitute for appeal can be invoked.

■ In the case at bar the petition filed in the Criminal Court sought in effect to review the action of the General Sessions Court in denying petitioner bail. We think this petition should be treated as an appeal from the General Sessions Court to the Criminal Court by statutory writ of certiorari under T.C.A. 27-802, to review this action of the General Sessions Court. Treating the petition filed in the Criminal Court as an appeal, T.C.A. 40-1205 would not be applicable.

The judgment of the Criminal Court is reversed and the cause remanded for further proceedings.