**James M. MOSS, alias, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Dec. 27, 1978.

Certiorari Denied by Supreme Court
May 7, 1979.

Thomas M. McAdams, Knoxville, for appellant.

William M. Leech, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., John W. Gill, Jr., Asst. Dist. Atty. Gen., Knoxville, for appellee.

OPINION

CORNELIUS, Judge.

On December 5, 1977, in Knox County, Tennessee, the appellant was arrested and charged with driving a motor vehicle while under the influence of an intoxicant. The warrant shows the trial set for January 6, 1978, at 1:00 p. m. The warrant lists the judgment of conviction as, "This 5th day of Dec. 1977, J. K. Watson, Judge, General Sessions Court". The appellant was fined $50.00 and sentenced to eleven months and twenty-nine days in the workhouse. To the side of the warrant is written, "to spend 11 mos.–29 days on charge as of 3–21–78 per order of Judge Creekmore". Over the date of December 5, 1977, has been written the

date of March 21, 1978. There is also a notation at the top of the warrant, "appealed 3/31/78". A waiver was signed by the appellant in keeping with § 40–423 T.C.A. There is no controversy the above judgment was suspended by Judge Watson on December 5, 1977.

On or about February 17, 1978, in Knox County, the appellant was again arrested and charged with driving a motor vehicle while under the influence of an intoxicant and violating the driver's license law. He signed a waiver, pleaded not guilty, and was tried and convicted by Judge Creekmore. He appealed his convictions on the February 17th charges. We are not concerned with these appeals except that they caused Judge Creekmore to revoke the suspended sentence.

The appellant's position is that he is not guilty of the February 17th offenses and he seeks a hearing de novo in the Criminal Court of Knox County. Defense counsel clearly stated:

"On the basis of that finding of guilt, his probation from the first one is revoked. Now, our contention is that D.W.I.—the second one will be tried de novo in this court, and the no driver's license will be tried de novo in this court. And at the same time, the issue of whether the probation should be revoked will be tried de novo in this court. Its not a question of reviewing his discretion. You will hear the . . . the probation was revoked from the facts of the second D.W.I. and on the conviction . . . ." (B.E. at page 7, line 3 through 11)

"We had no objection with the original thing and so wouldn't appeal from that, but when it was revoked we had the objection." (B.E. at page 7, line 17, 18 and 19)

On June 20, 1978, the Judge of Division I, Criminal Court for Knox County, dismissed the appeal on the revocation for the lack of jurisdiction. The appellant excepted and was granted an appeal. The trial judge would not set an appearance bond because of the lack of jurisdiction.

Did the appellant have the right to appeal the revocation of his suspended sentence? Did the Criminal Court of Knox County have jurisdiction to hear the appeal? We think the answer is "yes" to both questions.

The Court of General Sessions statutory authority for suspending a sentence, as well as the revocation thereof, is § 16–1104 T.C.A. (2nd para.)

"They shall also have the same jurisdiction relative to the suspension and revocation of sentences imposed by them as that conferred upon all trial judges by Chapter 29, of title 40 of this Code."

It is conceded appellant accepted the suspended sentence, and the revocation by Judge Creekmore was procedurally acceptable. The factual basis for the revocation has been continually contested. The Court of General Sessions found the issues against the appellant. He was apparently granted an appeal under § 40–426 T.C.A. This was by statute, to:

". . . the next term of the Court having criminal jurisdiction in said county . . . ."

"Such appeal shall be tried in said court (Criminal Court of Knox County) . . ., upon the original warrant issued against such person, by the judge without a jury, unless defendant demands a jury."

The State insists the jurisdiction to suspend and revoke sentences does not grant the appellant the right to appeal relying upon *Jefferson v. State*, 222 Tenn. 413, 436 S.W.2d 437 and *Atchley v. State*, 176 Tenn. 514, 144 S.W.2d 748. In *Jefferson v. State*, supra, the court was dealing with a bond hearing in a capital case and a demurrer filed under § 40–1205 T.C.A. The right to bail enactments had failed to set out a method whereby the action of any court in denying bail could be reviewed by an appellate court (in *Jefferson's* case, the Criminal Court). The act establishing the Court of General Sessions *does* provide for an appellate review.

The State further insists that since the act authorizing Judges of Court of General Sessions to suspend and revoke sentences is

in derogation of the common law, it must be strictly construed so as to confer only such powers as are plainly within the expressed terms or necessary implications of the act. *Atchley v. State*, 176 Tenn. 514, 144 S.W.2d 748. We do not agree with the State's position that § 16–1104 T.C.A., granting jurisdiction to the Court of General Sessions to suspend and revoke sentences, does not, under the *Atchley* test, grant a right to the defendant to appeal. Section 16–1104 expressly grants the same jurisdiction as trial judges under Chapter 29 of Title 40 of the Code. Since the granting of this jurisdiction to the trial judges, by Chapter 76, Public Acts 1931, the power and authority of the judge has been reviewable to the Supreme Court, as in other criminal cases. (§ 40–2907)

Jurisdiction is defined as:

"A Term of large and comprehensive import, and embraces every kind of judicial action."

"It is the authority by which courts and judicial officers takes cognizance of and decide cases." Black's Law Dictionary, 4th Ed.

█ It is illogical to allow an appellate review of a decision in a trial court and not allow an equivalent review in a court exercising the "same jurisdiction". A statute will not be construed to alter the common law any further than the act expressly declares or than is necessarily implied considering the subject matter. *Lillienkamp v. Rippetoe*, 133 Tenn. 57, 179 S.W. 628 citing *Parlow v. Turner*, 132 Tenn. 339, 178 S.W. 766. The right to an appeal "lay implicitly within the clause quoted." *Parlow v. Turner*, supra.

The State cites *Practy v. State*, Tenn.Cr. App., 525 S.W.2d 677, as authority supporting the appellant's lack of a right to appeal. *Practy* concerned a Criminal Court case. It did not involve the Court of General Sessions. An argument was made that a preliminary hearing on his revocation petition could have been held in the Court of General Sessions. This was said to be untenable. The trial judge in *Practy* was vested with exclusive jurisdiction—subject to Practy's

right to appeal to the Supreme Court impliedly by way of the Court of Criminal Appeals. It is to be noted, this appellant and Practy received the same imprisonment sentence of eleven months and twenty-nine days—both had their sentence suspended—both were revoked for new offenses. On Practy's appeal, this court considered *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), said:

"Beyond that, the probationer's rights are further protected by his right to have any adverse decision reviewed by this court and the Supreme Court of Tennessee. Thus, the statutorily mandated proceedings in this State for revocation of a probationer's suspended sentence and probation unquestionably more than comply with the mere minimal requirements stated in *Morrissey* and *Gagnon* on which plaintiff in error Practy relies. In *Morrissey* the court said termination of the conditional liberty of a parolee 'calls for some orderly process, however informal'. (92 S.Ct. 2601) This State's procedure for revocation of sentence suspension and probation is an orderly one affording a probationer full protection of his constitutional right to due process." *Practy v. State*, supra.

We have reviewed *State v. Bockman*, 139 Tenn. 422, 201 S.W. 741 (1918). There is a difference between the statutes which we are here concerned as to the statute creating the juvenile court of Overton County. *Wade v. Murry*, 34 Tenn. 50, cited in *Bockman*, treats the subject of a Chancellor being designated under a statute to try contested elections. The court said, in disallowing an appeal in error, it was very erroneously assumed that the jurisdiction was conferred upon the Chancellor in his capacity of Judge of a Court of Chancery. In the present case, the jurisdiction is expressly conferred upon the judges of the Court of General Sessions as a part of their jurisdiction—powers—Section 16–1104 T.C.A.

The Court of General Sessions was created in 1937 in Davidson and Montgomery

counties and created in Shelby County in 1941. In 1959, the Legislature created a statewide system of General Sessions Courts. The act expressly provided for an appeal from an adverse decision. (Chapter 105, Public Acts of 1959, Sections 4 and 5.)

The jurisdiction of the Courts of General Sessions has been continually enlarged. It has relieved the Circuit and Criminal Courts of this State unknown man-hours. To say due process and equal protection of the law is one thing within the jurisdiction of the Criminal Court and another thing in the Court of General Sessions makes every lawyer handling a criminal case in Court of General Sessions incompetent counsel, if his client has any prospects for a suspended sentence. If there is a likelihood of revocation, he certainly should enter his plea in a trial court where his client may appeal possible abuse of discretion by the judge.

We think the amendment to Section 16–1104 gave the appellant a right to appeal the revocation of his suspended sentence as in other criminal cases. That is, if he is aggrieved by the judgment revoking his suspended sentence he may appeal *that judgment* "to the next term of the court having criminal jurisdiction in that county", by authority of Section 40–426.

We reverse the judgment of the Criminal Court of Knox County dismissing the appellant's appeal and remand for further proceeding consistent herewith.

DAUGHTREY and BYERS, JJ., concur.