**STATE of Tennessee, Appellee,**

v.

**William PARRISH, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Feb. 28, 1980.

Merwin McCoy, Memphis, for appellant.

William M. Leech, Jr., State Atty. Gen., Nashville, Charles L. Lewis, Asst. State Atty. Gen., Nashville, Kathleen O. Spruill, Asst. Dist. Atty. Gen., Memphis, for appellee.

OPINION

BYERS, Judge.

Parrish appeals from a judgment of the Shelby County Criminal Court dismissing his appeal from a judgment of revocation of a suspended sentence in the City Court of Memphis.

The Criminal Court held it was without jurisdiction to hear the case and held the appeal from the City Court should go directly to the Court of Criminal Appeals.

The judgment of the Shelby County Criminal Court in this case is reversed and the case is remanded.

On February 27, 1978, Parrish was convicted in the City Court of carrying a pistol. A sentence of thirty (30) days was suspended and Parrish was placed on probation for eleven (11) months and twenty-nine (29) days.

On March 8, 1979, Parrish was tried in the City Court of Memphis on the charges of D.W.I., public drunkenness, straddling a traffic lane and disorderly conduct. He was acquitted on all of the charges except disorderly conduct, on which he was found guilty. For this offense, Parrish was fined ten dollars ($10.00).

On March 26, 1979, on a hearing to revoke the previously suspended sentence, the City Court revoked the suspended sentence. This appeal arises from the refusal of the Criminal Court to hear an appeal of that judgment.

■ Chapter 288 of the Private Acts of 1972 conferred the same jurisdiction over misdemeanors on the City Court of Memphis and other city courts in this State in cities having a population of over 600,000, as the general sessions courts. In exercising this jurisdiction the city courts are administering state law. The same rules and procedures, trial and appellate, are applicable to general sessions court proceedings as are applicable to the city courts. The offense in the instant case falls within this ambit.

■ In the case of *Moss v. State*, 584 S.W.2d 220 (Tenn.Crim.App.1978), this Court held, in an opinion by Judge Cornelius, that an appeal from the General Sessions Court of the revocation of a suspended sentence properly goes to the criminal court in accordance with T.C.A. § 40–426. T.C.A. § 40–426 was repealed in Chapter 399, § 1, of the Public Acts of 1979. Rule 5(c)(2) of the Tennessee Rules of Criminal Procedure is the provision now governing appeal from misdemeanors tried before magistrates. Rule 5(c)(2) provides that appeals from convictions in general sessions courts go to the criminal court for trial *de novo*.

In *Kenneth Herman, Jr. v. State of Tennessee*, filed April 10, 1979, at Jackson, this Court held, in an order dismissing an appeal, that the ruling in *Moss* was applicable to the City Court of Memphis.

It follows, therefore, that an appeal from the City Court of Memphis, or any other city court so situated, from the revocation of a suspended sentence, which has been imposed under the exercise of jurisdiction to administer state law, goes to the criminal court of the appropriate county for trial *de novo*.

WALKER, P. J., and CORNELIUS, J., concur.