**STATE of Tennessee, Plaintiff–Appellant,**

v.

**J. C. KING, Defendant–Appellee.**

Supreme Court of Tennessee.

Aug. 25, 1980.

William M. Leech, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, for plaintiff–appellant.

Douglas A. Trant, Knoxville, Roger D. Moore, Jackson, for defendant–appellee.

## OPINION

FONES, Justice.

We granted the State's petition to appeal to consider the validity of the Court of Appeals' interpretation of T.C.A. § 40–2903 and the propriety of the trial judge's procedure and action in suspending defendant's sentence.

Defendant was indicted for public drunkenness and carrying a dangerous weapon with intent to go armed. On January 17, 1979, defendant pled guilty to both offenses and was sentenced to six months in the Knox County Jail for each offense,[1] the sentences to run concurrently. In rendering judgment, the trial judge ordered the sentence to begin on November 15, 1978, the date of the offenses and defendant's incarceration, giving defendant credit for the sixty–three days served in accord with T.C.A. § 40–3102, and suspended the remainder of the sentence.

The State sought review on the grounds that three requirements of T.C.A. § 40–2904 had not been met, to wit, the trial judge failed both to order and consider a probation report, and to state his reasons for granting probation and defendant failed to carry the burden of proof to specifically

---

1. The sentence for public drunkenness cannot exceed sixty days. T.C.A. § 39 2531.

show that he was entitled to a probated sentence. In this Court the State also complains that the Court of Criminal Appeals misinterpreted T.C.A. § 40–2903.

We do not reach the issue of whether defendant has carried the burden of showing entitlement to a suspended sentence, but we agree with the State on all other grounds, requiring reversal and remand for a proper hearing in accord with T.C.A. § 40–2901, *et seq.*

## I.

The transcript of the proceedings on January 17, 1979, reflects that defendant appeared before the Court without a lawyer, and made the statement that he had been in jail over two months, was about to have a nervous breakdown, and wanted his case disposed of "right here." Defendant told the Court that he was not going to drink anymore and would seek the help of friends in attempting to conquer his drinking problem. The trial judge found him indigent and appointed an attorney to represent him with instructions to "see if he can work it out. If he can, we will dispose of it this morning."

Later, defendant's lawyer reported that defendant did not want to accept six months in the workhouse and that the case would have to be tried. The trial judge stated that if defendant would take the six months, "I don't much believe I would let him stay in jail another six months." Whereupon the following occurred:

MR. GILL: Then, your Honor, I would ask the Court to recuse itself; the Court having heard no evidence, it appears to be prejudiced in this matter.

THE COURT: Well, I have heard testimony that he was guilty of PD. PD, and carrying a weapon, and has been in jail—

MR. GILL: What evidence has the Court heard?

THE COURT: I have heard statements here in Court that he was drunk—

MR. GILL: You have heard nothing about the facts of the case—

THE COURT: —And that he was carrying a weapon, that he wanted to get rid of the case, that he doesn't want to waste anymore time, that he has been in jail and locked up for a period of time. That is what I have heard. He has been locked up for a period of sixty days and that is a pretty good length of time. So, I am not recusing myself.

The Court then questioned the defendant to determine his understanding of the guilty plea and willingness to enter it and allowed the State to read into the record the following stipulated proof as to the offenses committed:

"—The stipulated proof of the matter would be that the defendant was arrested by Mr. William Axley, of the Knoxville Police Department, on November 15, 1978, after the defendant was observed in a drunken condition in a public place of Knox County, Tennessee. At the time of the arrest, the defendant had a butcher knife and told the officer that he would cut him with the knife. The officer did make the arrest but Mr. King did not carry out that threat."

The Court then pronounced judgment and the State asked for the opportunity to present proof as to why the sentence should not be suspended, which apparently was confined to defendant's prior criminal record. It appears that the prosecuting attorney had a file in Court which contained considerably more than defendant's convictions and the State made the request that it be allowed to read into the record defendant's prior convictions. That request was denied. The State then requested that it be allowed to extract defendant's prior convictions and file same later as Exhibit One to the record, which request was granted. The State protested the action of the trial judge in suspending the sentence without hearing or reading the list of convictions. During the colloquy between the trial judge and the prosecuting attorney, the trial judge said, "I know that he has a bunch of convictions and I know he has been arrested—how many times for PD?"

Exhibit one lists these prior convictions:

In Knoxville, Tennessee, June 26, 1947, two (2) cases of house burglary, sentenced three (3) years in each to run concurrent; Atlanta, Georgia, April 19, 1952, federal conviction of the National Motor Vehicle Transportation Act, one (1) year and one (1) day; Plymouth, Michigan, June 19, 1956, aggravated assault, eight (8) months; Cincinnati, Ohio, April 30, 1957, assault and battery, ninety (90) days; Chicago, Illinois, July 8, 1959, assault with a dangerous weapon, knife, one (1) year; Knoxville, Tennessee, April 29, 1960, armed robbery, ten (10) years; Atlanta, Georgia, December 26, 1968, shoplifting, twelve (12) months; Knoxville, Tennessee, November 2, 1971, resisting arrest, twenty ($20) dollar fine; Knoxville, Tennessee, July 9, 1975, inciting a riot, one (1) year.

## II.

The Court of Criminal Appeals held that the Legislature in enacting T.C.A. § 40–2903 [2] created a "special classification of prisoners" and granted to trial judges a wide discretion to suspend their sentences without placing them on probation as provided in T.C.A. § 40–2902 and without the necessity of securing a probation report, "when a probation and paroles officer is available to the Court," as required in T.C.A. § 40–2904. We disagree with that interpretation of T.C.A. § 40–2903.

■ T.C.A. § 40–2901 through T.C.A. § 40–2904 embraces all of the statutory law authorizing trial judges to suspend sentences, the statutes are *in pari materia*, and must be construed together. In *Atchley v. State*, 176 Tenn. 514, 144 S.W.2d 748 (1940),

this Court observed that prior to the passage of Chap. 76, Acts of 1931, judges had no power of suspension or parole, and being in derogation of the common law that the Act must be strictly construed. "It confers only such powers as are plainly within its express terms or necessary implications." 176 Tenn. at 515, 144 S.W.2d at 748. The fact that T.C.A. § 40–2903 was enacted twenty years later does not mitigate the efficacy of *Atchley* or our statement that T.C.A. § 40–2901 through T.C.A. § 40–2904 are to be construed *in pari materia*.

■ The first purpose of T.C.A. § 40–2903 is to provide that, in the case of all offenses not excepted therein, trial judges cannot suspend sentences, "after the defendant [has] begun to serve such sentence." The second purpose expressed therein is to allow trial judges to suspend a misdemeanor sentence or a felony sentence of five years or less to be served in the county workhouse, as authorized in T.C.A. § 40–3105, at any time after defendant has actually served thirty days or more, "despite the expiration of the term of court at which such judgment was pronounced, or an earlier refusal to suspend in toto such judgment." In short, that Code section deals with the time frame within which trial judges may exercise the power to suspend sentences, and does not warrant expressly or by implication any finding of legislative intent to authorize suspensions without probation or without probation reports, or to be an island unto itself, within the statutory scheme governing the suspension of sentences and probation.

■ Both the Legislature and the courts use the words "suspension" and "probation"

---

**2.** 40 2903. *No suspension after service of part of sentence Exceptions.* No trial judge shall have the authority, under the provisions of § 40 2901, to suspend the execution of sentence after the defendant shall have begun to serve such sentence, except where the sentence is to confinement in the county jail or workhouse for the commission of a misdemeanor or a felony pursuant to § 40–3105, for a period of time not more than five (5) years, with or without a fine. In such cases the trial judge may at any time after the defendant has actually served not less than thirty (30) days of such jail or workhouse sentence, suspend the remainder thereof despite the expiration of the term of court at which such judgment was pronounced or an earlier refusal to suspend in toto such judgment. In such cases the trial judge may also provide in the pronouncement of judgment that the defendant shall serve some fixed period of time not less than thirty (30) days with the remainder of the sentence suspended. Nothing herein shall be construed as granting to the trial judge the right to suspend the payment of fines except at the term at which judgment therefor was rendered.

interchangeably, leading to some confusion. We are convinced that the first sentence in T.C.A. § 40–2901[3], and the first sentence in T.C.A. § 40–2902[4], require the interpretation that there can be no suspension of a sentence without probation and, of course, there can be no probation without a suspension of the sentence.

The Court of Criminal Appeals further held as follows:

"The system of justice under which we operate could not function if we held that a probation report was required in every case where a trial judge suspended a jail sentence under T.C.A. § 40–2903. The cost of the probation officers would be absurd, and frequently the probation report would serve little or no purpose. In addition, to require a probation report in rural circuits, where the judge is frequently in a county for two weeks or less, would make it almost impossible to grant suspension at the same term the motion is filed; and this would then require additional travel by either the Court or counsel and the parties, which would in effect make it too much trouble to move for suspension in relatively small offense cases. This would be against the announced policies in this State concerning suspension of sentences."

We disagree with those observations of the Court of Criminal Appeals because they are in conflict with the statutory law of this State and because the practical considerations mentioned are not insurmountable nor do they need interfere with the proper administration of criminal justice.

■ We addressed the circumstances under which a probation report is required in *State v. Welch*, 565 S.W.2d 492 (Tenn. 1978), as follows:

"The relevant statute, § 40–2904, requires such a report only in the event that a probation officer is available and the trial judge elects to order probation. In all other circumstances, the statute leaves the decision whether to obtain such a report entirely within the trial judge's discretion." *Id.* at 493.

When a probation officer is not available to a trial judge, the statute does not require a probation report. However, as we also said in *Welch*, the relevant factors to be considered in granting or denying suspension of sentence and probation, as set out in *Stiller v. State*, 516 S.W.2d 517 (Tenn. 1974), should be fully developed at the hearing, in those instances where a probation officer is not available and thus the trial judge does not have the benefit of a probation report.

■ We cannot take judicial notice of whether a probation officer is available or unavailable; where appropriate, the record should contain the answer to that question. In the instant case the trial judge granted probation and if a probation officer was available, he should not have done so without obtaining and considering a probation report. *State v. Welch, supra.* Further, the trial judge did not recite the reasons for granting probation, as expressly required in T.C.A. § 40–2904. It also appears that the trial judge did not give consideration to the State's proof of prior convictions.

The judgment of the Court of Criminal Appeals is reversed and the cause remanded to the criminal court of Knox County for the correction of the sentence of six months for public drunkenness by reducing same to

3. 40 2901. *Powers of trial judge—Costs.* Whenever any person has been found guilty of a crime upon a verdict or a plea or guilty, all trial judges in the state having criminal jurisdiction are authorized and empowered to suspend the execution of sentence and place the defendant or defendants on probation, subject to such conditions as the trial judge may deem fit and proper. . . .

4. 40 2902. *Entry of judgment and suspension Probation.* Any trial judge desiring to suspend a sentence and place the defendant or defendants on probation as provided for in § 40–2901, shall first pronounce judgment against the defendant or defendants and then shall suspend the execution thereof by placing the defendant upon probation, subject to such conditions of probation as the trial judge shall deem fit and proper and shall direct that such defendant or defendants be under the supervision of the department of correction, except in those counties which have their own probation officers. . . .

sixty days and for a new hearing on defendant's application for suspended sentence and probation.

BROCK, C. J., and COOPER, HARBISON, JJ., concur.