**STATE of Tennessee, Appellant,**

v.

**Janet Lee McCAMMON, Appellee.**

Court of Criminal Appeals of Tennessee, Knoxville.

Aug. 14, 1981.

Permission to Appeal Denied by Supreme Court Oct. 13, 1981.

---

1. The defendant did not leave the custody of the police after the lineup and prior to the issuing of the arrest warrant.

Dale C. Workman, Knoxville, for appellee.

William M. Leech, Jr., Atty. Gen., Robert L. Jolley, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Kim A. Tollison, Asst. Dist. Atty. Gen., Knoxville, for appellant.

## OPINION

DUNCAN, Judge.

The appellee-defendant, Janet Lee McCammon, pled guilty to two (2) cases of simple robbery, and received concurrent penitentiary sentences of not less nor more than five (5) years. By authority of T.C.A. § 40–3105,[1] the trial court ordered her sentences to be served in the county jail. Thereafter, upon her application, the trial court suspended her sentences and placed her on probation.

▆ The State has appealed the trial court's ruling and contends that the trial court was without authority to grant relief to the defendant in these cases, insisting that by virtue of T.C.A. § 40–2901, the defendant was not an eligible candidate for probation consideration. We agree.

---

1. T.C.A. § 40–3105 (Supp.1980) provides:

In all cases where any person shall be convicted of a felony, and the jury trying the case shall be of the opinion that the offense merits a punishment of five (5) years or less, the court, in its discretion, may order said person confined in the county workhouse for the term of such sentence, provided that the trial judge shall have the power to order the removal of the prisoner from the county workhouse to the penitentiary whenever in his opinion they are being treated in a brutal or inhuman manner, or when it shall appear to him that the physical condition of the prisoner is such that working on the roads is deleterious to his health.

Whenever any prisoner is confined to a county workhouse under provisions of this section, the state shall pay to the county a fee, the amount of which is fixed in accordance with provisions of § 8–26–105.

T.C.A. § 40–2901 authorizes trial judges to suspend the sentence of a defendant (as "defendant" is defined in that section) and to place him on probation. However, T.C.A. § 40–2901 excludes from the definition of "defendant" certain persons who have been convicted, including a person who "has been convicted of two (2) or more felonies for which the maximum sentence provided by law exceeds ten (10) years confinement in the state penitentiary." The punishment for robbery is a sentence of "not less than five (5) nor more than fifteen (15) years." T.C.A. § 39–3901. Since the present defendant has been convicted of two (2) felonies for which the maximum sentence provided by law exceeds ten (10) years, she is not within the definition of a "defendant" who can have her sentence suspended and be placed on probation under T.C.A. § 40–2901.

Our Court dealt with a similar question in *Scott v. State*, 560 S.W.2d 922 (Tenn.Cr. App.1977). There we held that the defendant, who had been sentenced to the penitentiary for two (2) or more felonies for which the law provided a maximum sentence in excess of ten (10) years, was precluded from being placed on probation by the express provisions of T.C.A. § 40–2901.

The defendant argues that even though she may not be eligible for probation consideration under T.C.A. § 40–2901, she is still eligible for a suspended sentence under T.C.A. § 40–2903. We do not accept this argument.

Initially we point out that there is no such thing as probation without a suspension of the sentence, and likewise a sentence cannot be suspended without placing the defendant on probation. *State v. King*, 603 S.W.2d 721 (Tenn.1980). Furthermore, T.C.A. § 40–2903 provides, in part, as follows:

No trial judge shall have the authority under the provisions of § 40–2901, to suspend the execution of sentence after the defendant shall have begun to serve such sentence, except where the sentence is to confinement in the county jail or workhouse for the commission of a misdemeanor or a felony pursuant to § 40–3105, for a period of time not more than five (5) years, with or without a fine. In such cases the trial judge may at any time after the defendant has actually served not less than thirty (30) days of such jail or workhouse sentence, suspend the remainder thereof. . . .

However, T.C.A. § 40–2903 is not to be construed as a separate grant of authority to suspend sentences. In *State v. King, supra*, the Supreme Court, in reference to T.C.A. § 40–2903, said:

In short, that Code section deals with the time frame within which trial judges may exercise the power to suspend sentences, and does not warrant expressly or by implication any finding of legislative intent to authorize suspensions without probation or without probation reports, or to be an island unto itself, within the statutory scheme governing the suspension of sentences and probation. 603 S.W.2d at 724.

Chapter 29 of the Code contains our probation statutes. T.C.A. § 40–2901 to 2909. The sections contained in chapter 29 are *in pari materia* and must be construed together. *See State v. King, supra*. T.C.A. § 40–2901 defines the term "defendant," not only for that section, but also "as used *in this chapter*." (emphasis added). As stated earlier, the present defendant is not a chapter 29 "defendant" because her convictions exclude her from the definition of that term. Therefore, since the terms of T.C.A. § 40–2903 apply only to chapter 29 "defendants," that section can afford no relief to the present defendant.

In an almost identical case, *State v. Langford*, No. 56 (Tenn.Cr.App., Jackson, February 28, 1980), our Court ruled as we do here. Langford was serving penitentiary sentences in the penal farm by authority of T.C.A. § 40–3105. His sentences were of the type that made him ineligible for probation consideration under T.C.A. § 40–2901. Notwithstanding, the defendant filed a petition for a suspended sentence and relied upon T.C.A. § 40–2903. The trial judge held that he had no authority to grant

defendant's petition because of the defendant's ineligibility for probation under T.C.A. § 40–2901. Our Court, in affirming the trial judge, held that T.C.A. § 40–2901 and 40–2903 must be construed *in pari materia*, and that if a defendant is not an eligible candidate for probation under T.C.A. § 40–2901, then the provisions of T.C.A. § 40–2903 could not be invoked to provide a remedy to him. While the *Langford* opinion is unpublished, we agree with the reasoning contained therein.

■ Finally, we do not agree with the defendant's argument that a defendant who is sentenced to serve a penitentiary sentence in the workhouse under T.C.A. § 40–3105 cannot get consideration for good and honor time credits and parole relief, and that trial judges should be allowed to suspend sentences under T.C.A. § 40–2903 so as to allow this relief. The defendant makes an erroneous assumption regarding these matters.

An inmate serving a penitentiary sentence in the workhouse is still serving a penitentiary sentence and is entitled to the same good and honor time credits and parole considerations which he would receive if confined in the state penitentiary. Our Supreme Court has so held in *Gilliam v. State*, 126 S.W.2d 305, 174 Tenn. 388 (1939).

We hold that the trial court was without authority to suspend the defendant's sentences and to place her on probation. We reverse the ruling of the trial court and remand this case for execution of the sentences.

TATUM, J., concurs.

CORNELIUS, J., dissents.

CORNELIUS, Judge, dissenting.

T.C.A. § 40–2901 authorizes the trial judge to suspend these two sentences. The combined maximum sentence, as fixed by the law (judgment) of this case, does not exceed ten (10) years, in fact it does not exceed five years.

Prior to 1976, T.C.A. § 40–2901 provided:

"...As used in this chapter, the word 'defendant' means any person convicted of a misdemeanor or convicted of any felony, the maximum punishment for which does not exceed ten (10) years....:"

By Chapter 532, Public Acts of 1976 [now in supplement to T.C.A. § 40–2901], the Legislature made the following change:

AN ACT to amend Title 40, Chapter 29, Tennessee Code Annotated, relative to the authority of the trial judge to suspend any sentence for an offense, where the sentence fixed by a judge or jury does not exceed ten (10) years confinement in the state penitentiary.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE:

SECTION 1. Tennessee Code Annotated, Section 40–2901 is amended by deleting the fourth sentence in its entirety and substituting instead the following:

"As used in this chapter, the word 'defendant' means any person convicted of a misdemeanor or convicted of any felony, the maximum sentence for which has been fixed by a jury or by a judge as confinement in the state penitentiary for a period of ten (10) years or less, except in cases in which the defendant has been convicted of murder in the first degree, murder in the second degree, rape, unlawful carnal knowledge of a female under the age of twelve (12) years, robbery accomplished by the use of a deadly weapon, the second or subsequent violation of Section 52–1432(a)(1)(A) or (B), and in all other cases for which the minimum sentence provided by law is ten (10) years or more; and except in those cases in which the defendant has been convicted of two or more felonies for which the maximum sentence provided by law exceeds ten (10) years confinement in the state penitentiary."

Clearly it was the intent of the Legislature to change a judicial interpretation of "maximum punishment (fixed by statute)" to "maximum sentence fixed by the judge and/or jury."

The majority opinion has interpreted the provision of the amendment relating to "convictions of two or more felonies for which the maximum sentence provided by law exceeds ten (10) years ...." as returning to the pre-amendment judicial construction of maximum possible punishment.

It is a strained construction to hold that the amendment changed the statute from "maximum punishment" to "maximum sentence" with two different meanings for the use of "maximum sentence." What the majority's opinion has effectively done is adhere to the former holdings insofar as two or more offenses are concerned. Had it been the legislative intent to change only first offenses they would have reverted to "two (2) or more felonies for which the maximum punishment provided by law exceeds ten (10) years..." This was not done. In both the first and subsequent convictions, the Legislature expressly chose to speak of "sentence".

A sentence is "the judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, awarding the punishment to be inflicted." Black's Law Dictionary, Revised 4th Edition. Punishment may be prescribed by the Legislature but a court imposes the sentence.

The Attorney General says that this Court's unreported opinion of *State v. Larry Darnett Langford*, Shelby County No. 56 (Tenn.Cr.App. Jackson, February 28, 1980) is "an almost identical case." There is a very material difference. Langford had three sentences of five years each which exceeded the ten (10) year limitation. Ms. McCammon's two sentences do not exceed the ten year limitation.

The trial judge had the "powers" to suspend these sentences under the amended T.C.A. § 40–2901. He chose to do so and the record reflects he reached a correct result. Therefore, I would affirm the judgment below.