STATE of Tennessee, Appellant,

v.

**Ralph Lee SCOTT and Clarence Eugene Cook, Appellees.**

Supreme Court of Tennessee, at Knoxville.

June 27, 1983.

Charles B. Hill, Kingston, J. Scott McCluen, Harriman, for appellees.

William M. Leech, Jr., Atty. Gen., J. Andrew Hoyal, II, Asst. Atty. Gen., Nashville, for appellant.

## OPINION

FONES, Chief Justice.

The issue before this Court is whether the Court of Criminal Appeals erred in holding that the trial judge abused his discretion in denying defendants' petitions for the suspension of their sentences.

Defendants Scott and Cook, both nineteen years of age, were arrested in January, 1981, on charges of burglary, larceny, and concealing stolen property from the home of the victim Fred Silvey. The trial judge accepted and entered pleas of guilty to second degree burglary and grand larceny from both Scott and Cook. Both defendants were sentenced to not less than three nor more than five years in the state penitentiary on each of the two counts, to be served concurrently.

Both defendants filed for probation. In his petition, defendant Scott stated that he had a prior juvenile record and one arrest as an adult for driving without a license. At the probation hearing, Scott testified that his juvenile record consisted of arrests for shoplifting, breaking and entering, and public drunkenness; that he had spent six months in the Tennessee Department of Corrections for the breaking and entering charge; and that he had previously been placed on probation. Defendant Cook's petition revealed that he too had a prior juvenile record which consisted of two larceny convictions, a violation of a prior probation, and an arrest for public drunkenness.

The record shows that Scott is married, has one child, and was gainfully employed as a sheet rock worker. Scott confessed to his crime upon his arrest and returned the stolen items which he had in his possession. He testified that he got one of the rifles but that, "It came up missing at my house. Somebody stole it from my house after I got it." He testified that he had paid less than one hundred dollars of the court costs but was willing to pay the remainder and to make restitution to the victim. He stated that he wanted to live a productive life and to support his wife and child which he could not do if denied probation.

Cook testified that although divorced before the incident he was now living with his ex-wife and son; that he had secured a job with a cable television company as a foreman with authority over two men; and that he was sorry for what he had done and intended to live a responsible life if granted probation.

The victim, Silvey, appeared at the hearing and testified that among the items sto-

len were three firearms, a radio, two or three watches, and some jewelry; that all had been recovered except the jewelry and one firearm; and that neither of the defendants nor anyone acting on their behalf had approached him since the incident in order to offer any restitution for the unrecovered . personal items and the damage done to his house as a result of the breaking in.

At the conclusion of the hearing on defendants' petitions, the trial judge refused to require a probation report containing defendants' full juvenile records. The trial judge entered orders denying their petitions based on findings that defendants were persistent and multiple offenders, that they had made no restitution to the victim, and that their attitudes were not conducive to successful completion of a period of probation. The Court of Criminal Appeals reversed the denial and reasoned that the trial judge failed to consider defendants' juvenile records because (1) no probation report was made and (2) the juvenile records were not properly before the trial court, the only reference to those records being the petitions for probation and defendants' testimony at the hearing. As a result, the Court of Criminal Appeals was unable to find any substantial evidence based upon the statutory criteria of T.C.A. § 40–21–104 to uphold the decision of the trial judge.

Based upon the abuse of discretion standard of review enunciated by this Court in *State v. Grear*, 568 S.W.2d 285 (Tenn.1978), we are of the opinion that there was no abuse of discretion on the part of the trial judge in denying probation to these defendants.

 Nothing in T.C.A. § 40–21–104 precludes the trial judge from relying upon a defendant's prior criminal record when freely admitted to by a defendant in his petition for probation or in his testimony at a probation hearing. The juvenile record of a defendant may be considered in determining whether or not to grant a suspended sentence. T.C.A. § 37–252(5). On this record, it was within the discretion of the trial judge whether or not to obtain a probation report. *See State v. King*, 603 S.W.2d 721, 725 (Tenn.1980); *State v. Welch*, 565 S.W.2d 492, 493 (Tenn.1978).

The trial judge having elected to deny probation to these defendants, the appellate court's inquiry should have been whether or not the relevant factors to be considered in granting or denying probation, as set out in *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974), and more recently in *State v. Michael*, 629 S.W.2d 13 (Tenn.1982), had been fully developed at the hearing. *State v. King, supra*, at 725. These factors, of course, include evidence of a prior criminal record which, in this case, either appeared in defendants' petitions or were testified to on cross-examination at the hearing.

We hold that the evidence of defendants' prior juvenile records were properly developed before the trial judge as defendants' own admissions and therefore find no abuse of discretion in the trial judge's failure to require a probation report. Moreover, the trial judge's conclusions announced at the end of the hearing reveal that defendants' prior juvenile records were indeed considered before entering his orders denying them probation.

The Court of Criminal Appeals was apparently of the opinion that the trial judge had relied upon the fact that defendants had not made restitution as a ground for denying probation. We do not think that the record supports a finding that the trial judge used that factor as a ground for denial of probation.[1]

1. Although not applicable to this case, the Legislature recently enacted Chapter 411 of Public Acts of 1983, effective on the 26th day of May. It amends T.C.A. § 40–21–101 and makes reference to restitution for the first time, in connection with probation. It amends the sentence in T.C.A. § 40–21–101 dealing with court costs and adds a sentence permitting a consideration of restitution, etc., as a condition of probation. Chapter 411 provides as follows:

The trial judge shall not have the authority to require that the defendant either secure or pay the costs accrued in the case at the instance of the state as a condition of conducting a hearing on the defendant's request for suspension of sentence and probation.

Both defendants represented to the court, in their testimony in chief, that they wanted to pay the court costs and make restitution to Mr. Silvey. However, neither defendant had taken any affirmative steps to ascertain what damages victim had sustained and Cook had paid nothing on his court costs of more than two hundred dollars. Mr. Silvey testified that the unrecovered items stolen from his house were valued at more than one thousand dollars and that the burglars had committed one hundred fifty dollars damage to his house. He testified that he had seen both defendants, "downtown several times since the incident occurred" and neither of them nor anyone on their behalf had indicated any intention of making restitution. We interpret the trial judge's remarks at the conclusion of the case as being unimpressed with defendants' sincerity in taking the affirmative position that they intended to make restitution.

In any event, the prior records of both defendants provided sufficient grounds upon which to deny probation.

The Court of Criminal Appeals is reversed and the judgment of the trial court is reinstated and affirmed. Costs are adjudged against defendants.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.

The trial judge may consider the payment of costs, the making of restitution, and the payment of any fine imposed as a condition of probation. In the event the defendant is not able to immediately pay such costs, fine and make restitution, the judge may impose such a requirement under such conditions as seem equitable and appropriate to him at the time.