983 F.2d 1070
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gene WILSON, Defendant-Appellant.
 No. 92-5417.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1992.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Gene Wilson pleaded guilty to one count of cocaine base distribution, in violation of 21 U.S.C. § 841(a)(1), and one count of aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The court sentenced Wilson to concurrent terms of ninety (90) months imprisonment and a five (5) year period of supervised release. This appeal followed. The parties have briefed the issues and have agreed to waive oral argument.
 
 
 3
 Wilson contends on appeal that the district court erred in finding that he was under a prior criminal sentence when he committed the two cocaine-related offenses to which he pled guilty. The district court's finding of fact concerning Wilson's status will not be disturbed on appeal unless clearly erroneous. 18 U.S.C. § 3742(e); United States v. Duque, 883 F.2d 43, 44-45 (6th Cir.1989). The record and law support the district court's decision.
 
 
 4
 The presentence report noted, and the district court subsequently found, that Wilson committed the cocaine-related offenses while under a criminal justice sentence as that term is used in U.S.S.G. § 4A1.1(d). The court specifically found that Wilson was under a suspended Tennessee state sentence from two Tennessee misdemeanors for carrying a dangerous weapon and possession of marijuana. The court equated the Tennessee suspended sentence to a period of unsupervised probation and consequently added two points to Wilson's criminal history calculation pursuant to § 4A1.1(d). Wilson contends that the suspended sentence was not the equivalent of probation in Tennessee law and therefore the court erroneously increased his criminal history computation.
 
 
 5
 In interpreting the precursors to the statutes under which Wilson was sentenced, the Supreme Court of Tennessee noted that "there can be no suspension of a sentence without probation and, of course, there can be no probation without a suspension of the sentence." State v. King, 603 S.W.2d 721, 725 (Tenn.1980). Cf. State v. McCammon, 623 S.W.2d 133, 135 (Tenn.Cr.App.1981) (citing King ). These cases, and the absence of authority to the contrary, support the view that the district court's finding of fact was not clearly erroneous.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.