# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 12, 2013

No. 13-60319

Lyle W. Cayce
Clerk

MARCO ANTONIO DURAN-CRUZ,

Petitioner,

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent.

Emergency Motion for Extension of Temporary
Stay of Removal *Nunc Pro Tunc* and
Emergency Motion for Stay of Removal on
Petition for Review of an Order by the
Board of Immigration Appeals
BIA No. A045-143-955

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner Marco Antonio Duran-Cruz was deported by the Government

hours before this court granted a temporary stay of deportation pending review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60319

of Duran-Cruz's appeal.[1] Duran-Cruz now seeks an extension of that temporary stay *nunc pro tunc* to the time he filed his original Emergency Motion for Stay of Removal. We deny his motion.

I

Duran-Cruz was convicted of aggravated assault in Tennessee, and removal proceedings were initiated. In a preliminary bond hearing, an Immigration Judge (IJ) concluded that Duran-Cruz's conviction qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(G) based on a copy of the Tennessee judgment indicating that Duran-Cruz had been sentenced to 6 years "CCA" and 6 years probation. At the time, Duran-Cruz had argued that his conviction was not a felony because his incarceration sentence was suspended and he served only probation. Duran-Cruz requested a rehearing on the issue, which the IJ denied.

At the subsequent deportation hearing, the IJ concluded that the issue of whether Duran-Cruz was an aggravated felon had already been determined in the bond hearing and ordered Duran-Cruz deported. While that order was on appeal with the Board of Immigration Appeals (BIA), Duran-Cruz's attorney discovered a docket entry on a court computer, previously not found, in Duran-Cruz's state criminal file (Minute Order Entry) relating to Duran-Cruz's sentence that read as follows:

> CAME THE ATTORNEY GENERAL WHO PROSECUTES FOR THE STATE AND THE DEFENDANT IN PERSON, BEING REPRESENTED BY COUNSEL.
>
> THEREUPON, THIS CAUSE CAME ON TO BE HEARD UPON A SENTENCING HEARING; AFTER HAVING HEARD THE PROOF AND ARGUMENT OF COUNSEL, THE COURT SENTENCES THE DEFENANT [sic] TO SIX YEARS INTENSIVE PROBATION WITH JUDGMENTS TO BE ENTERED.

---

[1] Order, No. 13-60319 (5th Cir. June 7, 2013).

No. 13-60319

Based on this newly discovered Minute Order Entry, Duran-Cruz moved for a rehearing, arguing for the first time that he was sentenced directly to probation without any imprisonment and therefore his conviction did not constitute an aggravated felony.[2]

The IJ denied Duran-Cruz's request for a rehearing for two reasons. First, under 8 C.F.R. § 1003.23(b)(1) a party may file only one motion to reconsider, and the IJ concluded that Duran-Cruz's earlier request for a rehearing of the bond determination precluded a rehearing of the judgment. Second, the IJ held that Duran-Cruz had not shown that his motion was based on previously unavailable and undiscoverable evidence as required to justify reconsideration under 8 C.F.R. § 1003.23(b)(3). Duran-Cruz applied for an administrative stay of removal and appealed to this court, arguing (1) that the regulations distinguish between pre- and post-decision motions for rehearing and (2) that the Minute Order Entry is material evidence that was previously unavailable.

On June 5, 2013, while his appeal in this court was pending, Duran-Cruz's attorney learned that the Government had denied his application and planned to deport Duran-Cruz on June 7, 2013. Duran-Cruz filed an Emergency Motion for Stay of Removal with this court on June 6. The following day, we granted a temporary stay of removal but not before the Government deported Duran-Cruz. Duran-Cruz now asks this court to extend the temporary stay *nunc pro tunc*.

II

Although Congress eliminated the automatic stay of removal that previously accompanied the filing of an appeal, we retain the inherent authority to issue a stay of removal as appropriate.[3] In considering whether to issue a

---

[2] Under this court's precedent, a conviction must carry with it a sentence of at least one year of incarceration, even if not served, to be classified as an aggravated felony for the purposes of removal. *United States v. Banda-Zamora*, 178 F.3d 728, 730 (5th Cir. 1999).

[3] *Nken v. Holder*, 556 U.S. 418, 435-36 (2009).

stay, we consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[4] A stay may be justified to preserve meaningful review, but a stay is also an "intrusion into the ordinary processes of administration and judicial review" and therefore not to be granted reflexively.[5] Furthermore, we are mindful that Duran-Cruz is requesting a stay *nunc pro tunc*. Courts have sanctioned orders *nunc pro tunc* in other immigration contexts only in "certain exceptional cases."[6] It is far from clear that this court has the authority to issue a *nunc pro tunc* order in this precise context, and in any event, we have expressed reluctance to extend the application of *nunc pro tunc* authority absent manifest necessity.[7]

Of the factors we consider in granting a stay, the first two are "the most critical."[8] In particular, the petitioner must demonstrate "more than a mere possibility"of success on the merits.[9] In his underlying appeal, Duran-Cruz

---

[4] *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)) (internal quotation marks omitted).

[5] *Id.* at 427 (quoting *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958) (per curiam)) (internal quotation marks omitted).

[6] *E.g.*, *Iavorski v. INS*, 232 F.3d 124, 130 n.4 (2d Cir. 2000) (citing *Batanic v. INS*, 12 F.3d 662, 667-68 (7th Cir. 1993)); *cf. Fanelli v. Hensley* (*In re Triangle Chems., Inc.*), 697 F.2d 1280, 1289 (5th Cir. 1983) (noting that a bankruptcy court's equitable powers "may permit nunc pro tunc appointment [of a trustee] in rare or exceptional circumstances").

[7] *See Romero-Rodriguez v. Gonzales*, 488 F.3d 672, 678-79 & n.8 (5th Cir. 2007) (holding that the court's *nunc pro tunc* authority does not extend to correcting the BIA's legal errors and noting that exercise of that power may be warranted only in exceptional circumstances, such as avoidance of a constitutional violation).

[8] *Nken*, 556 U.S. at 434.

[9] *Id.*

No. 13-60319

challenges the denial of a rehearing, which this court reviews under the "highly deferential abuse-of-discretion standard."[10] Therefore, the first factor of the stay analysis rests on whether Duran-Cruz is likely to succeed in his claim that the IJ abused its discretion.    We conclude that the likelihood of success is insufficient to justify a stay *nunc pro tunc*, even were we to possess that power.

Duran-Cruz is likely correct that the IJ erred by holding that he had exhausted his only opportunity for a rehearing.  The one-motion limit applies only to motions filed after entry of a "final administrative order of removal, deportation, or exclusion."[11]  Because Duran-Cruz's earlier motion was filed and denied before the IJ issued the final order of removal, his subsequent motion for reconsideration was likely not barred.[12]

However, Duran-Cruz must also show that the IJ abused its discretion by holding that the Minute Order Entry did not justify a rehearing pursuant to 8 C.F.R. § 1003.23.  In pertinent part, that regulation provides that "[a] motion to reopen will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."[13]  Duran-Cruz asserts that the Minute Order Entry is material evidence that was "previously unavailable" to him because it was not in his criminal file and he only discovered it after a search of the county's computer system with the help of the county clerk. We have never considered the meaning of "previously unavailable and not discoverable" under § 1003.23, and we need not address the question here.  Even

---

[10] *Rodriguez-Manzano v. Holder*, 666 F.3d 948, 952 (5th Cir. 2012) (quoting *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009)) (internal quotation marks omitted).

[11] 8 C.F.R. § 1003.23(b)(1).

[12] *Id.*

[13] *Id.* § 1003.23(b)(3).

if the circumstances were to meet those criteria, it is unlikely that the IJ's refusal to grant a rehearing based on the Minute Order Entry was an abuse of discretion.[14]

Viewed in the context of the evidence as a whole, the probative weight of the Minute Order Entry is diminished. Tennessee law mandates that a sentence of probation be accompanied by a suspended term of imprisonment.[15] The applicable Tennessee statute states in pertinent part that

> [i]f the court determines that a period of probation is appropriate, the court *shall sentence the defendant to a specific sentence* but shall suspend the execution of all or part of the sentence and place the defendant on supervised or unsupervised probation either immediately or after a period of confinement for a period of time no less than the minimum sentence allowed under the classification and up to and including the statutory maximum time for the class of the conviction offense.[16]

Accordingly, Tennessee courts have held "that there is no such thing as probation without a suspension of the sentence."[17] Furthermore, the record contains ample evidence that Duran-Cruz was sentenced to six years of incarceration, which the state judge suspended. In addition to the judgment relied on by the IJ, the record before this court contains a completed "Probation Order" indicating that Duran-Cruz was sentenced to a six-year term of imprisonment that was suspended in favor of six years of probation. Against this evidence, Duran-Cruz brings a single docket entry by the Tennessee clerk that ambiguously omits mention of any suspended sentence of incarceration.

---

[14] *See id.* ("The Immigration Judge has discretion to deny a motion to reopen even if the moving party has established a prima facie case for relief.").

[15] TENN. CODE ANN. § 40-35-303 (2012).

[16] *Id.* § 40-35-303(c)(1) (emphasis added).

[17] *State v. McCammon*, 623 S.W.2d 133, 135 (Tenn. Crim. App. 1981) (citing *State v. King*, 603 S.W.2d 721, 725 (Tenn. 1980)).

No. 13-60319

Admittedly, the Minute Order Entry raises the possibility that the sentencing judge imposed a probation-only sentence, unauthorized by Tennessee law. However, when viewed against the weight of the evidence as a whole, it is a slender reed from which to conclude that the IJ abused its discretion by denying a rehearing.[18]  The request for a stay *nunc pro tunc* is DENIED.

It is further ordered that the temporary stay previously granted is now dissolved, and the request for a stay pending appeal is DENIED as MOOT.

---

[18] *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) ("[T]his court must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach.").