Dorothy FRANKS, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Aug. 17, 1976.

Certiorari Denied by Supreme Court Oct. 4, 1976.

Edgar H. Gillock and Eugene D. Lyne, Memphis, for appellant.

R. A. Ashley, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, John L. Williams, Dist. Atty. Gen., Huntingdon, for appellee.

## OPINION

RUSSELL, Judge.

This case is before us to review the action of the trial judge in overruling a petition for a suspended sentence. We hold that the action of the trial judge is not adequately supported by the record, and remand the case for a new hearing.

Dorothy Franks entered a plea of guilty to a charge of selling a schedule II controlled substance, and was sentenced to the minimum of not less nor more than four years in the penitentiary. Appeal of the conviction was expressly waived and she was permitted to remain on bond pending the filing of and hearing upon a petition for a suspended sentence.

The evidence presented in support of the petition for probation was uniformly favorable, except for the fact that Mrs. Franks herself testified in passing that she had made other drug sales to truckers. (She was convicted of selling 200 amphetamines to an undercover agent; and testified that she had been selling drugs to truck drivers at the truck stop where she worked.) The probation officer's report, a certified copy of which we have but which was not properly included in the record, reflects basically favorable information; but contains no recommendation. The District Attorney General not only declined to make a recommendation, but failed to put on any proof or to significantly participate in the hearing.

The learned trial judge, while relating that he had never suspended a sentence in a "hard drug" selling case, averred that he had not pre-judged this case and considered it upon its merits. His order denying the petition sets out no basis for the denial, saying only "This motion is denied". The transcript of the hearing reflects these pertinent statements by the trial judge:

" * * * I think that you are correct in stating that it is a great burden on the Court, on any of these matters involving suspended sentences. And I will add this: I don't know of a case with any greater burden than the case we have here. This case has the most sympathetic appeal, I think. You have a lady involved who has no prior criminal record, her husband has left her, she has two minor children, and her story is that she became involved with a man in here selling drugs, and fell in love with him. I noticed _ _ _ quoting a judge in Nashville the other day, telling a young lady what people, ladies, will do for men sometimes and get them into trouble _ _ _ and, of course, I think the same thing works the other way _ _ _ when people come under the influence of

someone else, sometimes it gets them into trouble.

"All of these matters that you have presented here makes out a most sympathetic case, Mr. Gillock. It is a matter, as I stated before, it is a great burden on the Court to have to pass on these matters, and especially such a case as this. Where cases do not involve such matters of sympathy as these are not too difficult for the Court. And in addition to that you have brought some good citizens here in Hardin County, who this Court has known for a long time, and has the most respect for.

"Gentlemen, taking this case all around, Mr. Gillock, this Court, as before I have told you that I would not say that I would not suspend the sentence in this case, if the facts were shown to justify the Court to do so. I don't pre-judge a case. I did advise him [Mr. Gillock] on this, and he says that they do it different in other jurisdictions, and I think that he should be advised as to how this Court proceeds, as to how to present his matter, and in all fairness to his client. But Mr. Gillock, in a case involving this amount of drugs _ _ Schedule II drugs _ _ the Court has never suspended a sentence. The proof in this case will show that this lady actually sold 200 tablets _ _ this is not a casual delivery _ _ it was 200 tablets sold at this truck stop _ _ of a drug that is listed in Schedule II. Gentlemen, taking that into consideration, the type of drugs involved, and the amount of drugs involved, the Court does not feel that this is a proper case for a suspended sentence. It may be a matter that should be presented to the parole board at a later date. Because of the woman's record, and the matters presented here, it may be that, well, just a matter of normal procedure, that can develop later. But the Legislature has set this minimum sentence here on such an offense as this at four years, and the State recommended the minimum sentence of four years, without any fine. I do not think that this is * * * so let your motion be overruled."

■ It seems fair to say that this judgment was based upon the nature and character of the offense. We hold that this was too narrow a view of the relevant factors to be considered, and remand the case for the development of all pertinent matters of fact, and a judgment based thereon.

■ The nature and character of the offense was set out in the indictment, and in the Attorney General's statement of facts upon which the conviction was based. The Legislature clearly intended that persons guilty of this very crime, of this nature and character are proper subjects for consideration for probation, T.C.A. § 40–2901. That being true, it is error to foreclose suspension of such a sentence solely upon the ground of the amount and classification of the drugs sold.

We do not mean to say that it was error to refuse probation in this case. We hold only that it was error not to consider all of the relevant factors. Those are discussed in the recent Supreme Court case of *Stiller v. State*, Tenn., 516 S.W.2d 617 (1974):

"[10] The majority opinion of the Court of Criminal Appeals proceeds upon the general basis that the 'enormity of this defendant's crime' precluded the suspension of his sentence and placing him on probation. That this is a legitimate factor for the Court to consider is beyond question but it is equally beyond question that it is but one of a number of considerations by which the Court must be guided in determining whether to grant or withhold suspension and probation. Other statutory considerations are the defendant's criminal record, social history, present condition and, in proper cases, his physical and mental condition, * * * "

This Court has recently spoken to this question in the case of *Mattino v. State*, Tenn. Cr.App., 539 S.W.2d 824 (1976). On the subject of the nature and circumstances of the offense as a factor in the judgment upon a petition for probation, this Court said:

"This is not to say that the nature and circumstances of an offense could never

provide a sufficient basis for denial of probation. Crimes of violence against the person, or particularly heinous crimes might indeed be the controlling factor in a probation determination. But these crimes are likely to be perpetrated by persons whose backgrounds are largely dissimilar to the defendant's. In any case, plainly the crime charged here is not of such nature nor the circumstances of its commission such as to constitute a legal barrier to probation. * * * "

■ The Legislature has clearly spoken to the question of what class of offenses are eligible for consideration for probation. Misdemeanors and "any felony the maximum punishment for which does not exceed ten (10) years' confinement in the state penitentiary" was the language of the pertinent statute, T.C.A. § 40–2901, until the effective date (March 17, 1976) of Chap. 532, Public Acts 1976, which amended the statute to permit suspension in felony cases wherein the actual, as contrasted with potential, maximum sentence did not exceed ten years, subject to certain exceptions not applicable to the case at bar. In other words, the offense for which Dorothy Franks was convicted is clearly one which the Legislature has determined should, upon the filing of a proper petition, be considered for a sentence suspension. The factors to be considered include those set out in T.C.A. § 40–2904. *Stiller v. State,* supra; *Mattino v. State,* supra.

In *Mattino* this Court found an abuse of discretion and indicated that the trial Court should grant probation upon proper conditions. We did not explicitly order probation; but under the rather complete record in that case, and the finding of an abuse of discretion, it was assumed that the trial Court would grant probation without a further hearing. To the extent that *Mattino* can be said to have involved a granting of probation by this Court, we limit its application to its facts.

■ In the case at bar we reverse the judgment of the trial Court, and remand the case for a new hearing upon the petition for a suspended sentence. The trial judge will consider all of the pertinent factors, and make an explicit judgment thereon for the record. A new and more detailed probation officer's report, per T.C.A. § 40–2904, would be useful. It is always appropriate for such a report to include a recommendation, although certainly the trial judge is not bound by it. We would also emphasize to the District Attorney General that his role should be more than detached neutrality. Our Supreme Court said in *Stiller* :

"[5] The District Attorney General, on the trial level, and the State Attorney General, on the appellate level, not only have solemn obligations to espouse the causes of the meritorious petitioner, but also to protect and promote the public welfare by standing in unalterable opposition to the unworthy."

The learned trial judge permitted Dorothy Franks to make bond pending the original hearing upon the petition for a suspended sentence. We will allow her to continue upon her present bond pending the new hearing, absent some cause for revocation.

Reversed and remanded.

WALKER, P. J., and GALBREATH, J., concur.