**STATE of Tennessee, Petitioner,**

v.

**Nancy Mills WELCH, Marsha Schmidt, Catherine Edwards and Dirk Swanson, Respondents.**

Supreme Court of Tennessee.

May 8, 1978.

William O. Kelly, Asst. Atty. Gen., Nashville, for petitioner; Brooks McLemore, Jr., Atty. Gen., Nashville, of counsel.

J. Stanley Rogers, Manchester, Robert T. Knott, Albuquerque, N. M., Joseph Abraham, Jr., El Paso, Tex., for respondents.

## OPINION

BROCK, Justice.

The question presented in this criminal case is whether the trial judge, prior to denying the defendants' motions for suspended sentences, should have ordered a probation officer to make pre-sentence reports pursuant to T.C.A., § 40–2904.

On October 15, 1975, police made a raid on a Coffee County farm and arrested eight persons allegedly involved in an extensive marijuana growing and processing operation. Charges against two of those arrested were dismissed; two others, considered to be the principals, were allowed to plead guilty to a felony charge. The four respondents, indicted for manufacturing marijuana and possessing marijuana for purposes of resale, were permitted to plead guilty to

a misdemeanor charge of possession. The State recommended the lesser offense because the four were considered to be only indirectly involved with the drug operation, serving in such supporting roles as cooks and carpenters. Each was sentenced on August 25, 1976, to six months in jail and fined $500.00.

Each respondent filed a motion for suspended sentence, seeking both a hearing on the motion and a pre-sentence report. An evidentiary hearing was held at which the defendants presented both testimony and exhibits to show justification for probation. The trial judge ruled that pre-sentence reports would be unnecessary and denied the motions.

The Court of Criminal Appeals reversed and remanded for the making of pre-sentence reports. The court did not hold that pre-sentence reports were required in all cases, but concluded that the reports are mandatory in a case in which the justification for probation is "a close question," and the defendants have specifically petitioned the court for such reports. In view of the fact that the defendants made these petitions, the court stated that it was "at a loss to understand" why the trial judge refused to order the reports.

In *Stiller v. State,* Tenn., 516 S.W.2d 617 (1974), the rights of a probation petitioner were set forth:

"He has the right to petition the court for probation, the right to a full and fair evidentiary hearing and the right to all the procedural requirements contained in or necessarily contemplated by the statutory scheme." *Id.* at 619–20.

The defendants here have been accorded the right to petition for probation, and the right to an evidentiary hearing on their petitions. The relevant statute, § 40–2904,[1] requires such a report only in the event that a probation officer is available and the trial judge elects to order probation. In all other circumstances, the statute leaves the decision whether to obtain such a report entirely within the trial judge's discretion.

Nor does the *Stiller* decision require the making of pre-sentence reports. But, it does set forth the relevant factors to be considered by the trial judge, viz., the circumstances of the offense; the defendant's criminal record; the defendant's social history; the defendant's present condition; and the defendant's physical and mental condition, when these factors are specially relevant. 516 S.W.2d at 620.

Defendants rely upon cases such as *Franks v. State,* Tenn.Cr.App., 543 S.W.2d 613 (1976) and *Mattino v. State,* Tenn.Cr. App., 539 S.W.2d 824 (1976). These cases do require the trial court to consider all of the above factors, but hold that a pre-sentence report may be only one method by which these factors are presented for consideration.

The trial judge in this case had before him the mitigating evidence offered by the defendants. Defendant Nancy Mills Welch, 28, of California, took the stand and testified about her life history. She testified that she had no prior criminal record and that she had lived for ten years in an unmarried status with David Welch, the principal defendant, before marrying him after the convictions in this case. She introduced five additional witnesses who gave testimony regarding her reputation and personal background.

Marsha Lou Schmidt, 25, of California, testified regarding her life history, which

1. "*Investigation and report by probation and paroles officer—Supervision of Parolee.* —The power of suspension and probation is within the sole discretion of the trial judge, however, when a probation and paroles officer is available to the court, no defendant shall be placed on probation until a written report of investigation by a probation and paroles officer shall have been presented to and considered by the court, provided the probation and paroles officer to whom such matter has been referred shall file his report within ten (10) days after such reference. Said report shall inquire into the circumstances of the offense, criminal record, social history, and present condition of the defendant. Whenever the trial judge deems it desirable, such investigation shall include a physical and mental examination of the defendant, the expense of which shall be adjudged as part of the costs. . . ."

included a tumultuous marriage that ended in separation and caused her trip to Tennessee. She testified that she had no criminal record. Her only witness was her mother, but she introduced as an exhibit a thorough 37-page portfolio relating to her personal background, including 22 letters and affidavits from friends and relatives, past W–2 forms, degrees, school transcripts and other material.

Catherine Lee Edwards, 25, of California, testified respecting her personal background, admitting that she had a previous misdemeanor conviction for drug possession for which she had already served a probationary term. Her only witness was her sister, although she introduced as an exhibit a 24-page file of material relating to her personal background, including ten favorable letters, a psychological report and certain hospital records.

Dirk Swanson, 29, of California, testified regarding his personal background, including a clean criminal record. His one additional witness was his father, but exhibits included a psychiatrist's report relating his state of depression, an emotional letter from his wife, a letter from his mother-in-law, and eight other favorable letters and affidavits relating to his social history.

In his lengthy order denying the motions, the trial judge took note of this evidence and set forth his reasons for denial. Unquestionably, his major concern was the nature of the offense. He characterized the drug operation as "massive," stating that officers found on the Welch farm a sophisticated marijuana-processing operation complete with irrigation facilities, seed-screening devices, a garbage-compactor for baling, scales, and drying racks. Confiscated were two truck loads of raw marijuana weighing 4,160 pounds, one compacted 25-pound bale, two packages in a cooler, and a quantity of seeds, all resulting from what the trial judge described as a "large, well-coordinated, professional marijuana processing operation." He concluded:

"From a consideration of all the statutory factors required to be considered by the Court in exercising its discretion in regard to probation, i. e., the enormity of the defendant's crime, the defendant's criminal record, social history, present condition, and physical condition, and with particular emphasis by the Court upon the enormity of these defendants' crime, their activities and actions in the premises being the very source from which the illicit weed marijuana emanates, the Court is of the opinion that these defendants are not entitled to the 'largess' of the probation law and the Court cannot in good conscience favorably entertain the application.

. . . . .

"[T]he Court is of the opinion that to grant these defendants a suspended sentence under the factual circumstances of this case would be to make a mockery of our drug control laws and the general probation process."

This holding squares with the rule of *Franks v. State, supra;* even though the trial judge here based his decision *primarily* upon the nature of the offense, he clearly considered all other *Stiller* factors. We find no abuse of discretion in refusing to obtain the requested reports.

It is clear that the pre-sentence report must contain the same subject matter as the trial judge received in this case because T.C.A., § 40–2904, requires the report to inquire into precisely the same factors as those enumerated in *Stiller*, viz., circumstances of offense, criminal record, social history, present condition. Moreover, it is obvious that at the hearing the defendant and his witnesses will present mitigating factors in the most favorable light to the defendant. See R. Dawson, *Sentencing* (1969). It seems unlikely that a pre-sentence report, designed to cover the same factors, could add any more weighty favorable factors than those presented by the defendant. In all likelihood, this is the reason the statute requires the report only if probation is being granted, for it could

reveal *negative* factors which were not presented at the hearing.[2]

The judgments of the Court of Criminal Appeals in each of these cases is reversed and the causes are remanded to that court for further proceedings, not inconsistent with this opinion. Costs incurred in this Court are taxed to the respondents and sureties.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.

**2.** One aspect of the presentence report which is not included in the hearing is the probation officer's recommendation. This distinction should not be controlling, in our opinion, since the report is designed to place before the trial judge information which will enable him alone to make the decision, as required by statute. The recommendation may be an additional factor to consider, but it is not among those set forth in the statute and in *Stiller.*

Moreover, as noted by the Court of Criminal Appeals, the State failed to make any recommendation in this case. The *Stiller* decision observes that the State's prosecutors and appellate advocates "not only have solemn obligations to espouse the causes of the meritorious petitioner, but also to protect and promote the public welfare by standing in unalterable opposition to the unworthy." 516 S.W.2d at 620.