**STATE of Tennessee, Appellee,**

v.

**Richard C. MILLER, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

May 27, 1982.

George Morton Googe (on appeal), James P. Diamond (at hearing and on appeal), Jackson, for appellant.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Nashville, James G. Woodall, Asst. Dist. Atty. Gen., Jackson, for appellee.

## OPINION

DWYER, Judge.

The trial court denied appellant's petition for probation. He appeals with issue that the denial was an abuse of discretion.

The appellant entered guilty pleas in the Madison County Circuit Court on January 11, 1980, to fifteen counts of embezzlement. On each of the twelve counts of embezzlement of over $200 he received punishment of confinement in the Penitentiary for not less than three nor more than four years. On each of the three counts of embezzlement of under $200 he was sentenced to serve not less than one year nor more than five years. The total amount embezzled was $6,930.50.

There were three hearings held on the appellant's petition for probation, the first on May 5, 1980, the second on April 13, 1981, and the third on June 30, 1981, which resulted in the denial of the petition.

We recognize at the outset that the granting of a suspended sentence rests within the sound discretion of the trial court. *Hooper v. State,* 201 Tenn. 156, 297 S.W.2d 78, 81 (1956). It is also established that before the court's discretion is exercised all statutory rights must be accorded the petitioner. From a distillation of *State v. Grear,* 568 S.W.2d 285 (Tenn.1978); *Moten v. State,* 559 S.W.2d 770 (Tenn.1977); *Stiller v. State,* 516 S.W.2d 617, 620 (1974); *Powers v. State,* 577 S.W.2d 684 (Tenn.Cr. App.1978); and *Mattino v. State,* 539 S.W.2d 824 (Tenn.Cr.App.1976), it is apparent that the reversal of a trial court's denial of probation should only occur where there is no substantial evidence in the record to support the court's judgment.

The evidence discloses that appellant is a married man, has two small children, has two college degrees, and is working on his master's degree. He is employed by the State of Missouri in the Office of the Governor, Special Grants, handling Federal funds which come into the State for the creation of jobs for the disadvantaged and handicapped.

The appellant presented witnesses involved with programs to assist the mentally retarded; all related that appellant was a proper candidate for probation. A witness for the appellant from Hardeman County Development Services testified:

"A. He is very bright; he is creative; he is well-thought of in many circles in terms of his abilities to develop programs for mentally retarded and to implement those. And in fact, the State of Tennessee now funds a program called Extended Employment Service which he developed and originated across the state.

"Q. Now, are you in a position to employ or recommend employment?

"A. Yes, in some positions I am to employ and others to recommend.

"Q. Should and if the Court see fit to grant probation, would you in your executive capacity offer Mr. Miller a job in his field?

"A. Yes, sir.

"Q. Without any hesitancy?

"A. Yes, sir.

"Q. Do you know about his personal problems?

"A. Yes, sir.

"Q. Did you hear him testify about those?

"A. Yes, sir, I did. I knew personally about them.

"Q. Are they true of your own knowledge?

"A. Yes, sir.

"Q. Do you feel that he is a proper subject for probation?

"A. I would very much recommend it."

Record, Vol. II, at 11–12.

There were other witnesses in the courtroom, not called in the interest of time, who stood and acknowledged that appellant was a proper candidate for probation.

The trial court acknowledged receipt of a letter from State of Missouri parole officials who related that they would supervise appellant if he were placed on probation. The appellant testified that in the midst of his difficulties he had family, alcohol, and drug problems and that presently he was receiving treatment. The appellant's father is a doctor in Missouri and his brother a superintendent of a correctional facility for adult males in that State.

On the other side of the scale, the board of directors for the Development Disabilities Corporation of Jackson where appellant had been executive director expressed in a letter to the court that they were opposed to probation for the appellant. A former member of that board testified that he was opposed to probation, that appellant had embezzled the funds while occupying a position of trust. The trial court, in denying probation, held:

"Mr. Diamond, there are 15 different offenses here; 12 of them are involving checks over $200 and three of them are checks under $200. This is not one offense but 15 offenses. This man was in a position of trust as a director at the Development Disabilities Corporation. I feel that this sentence should not be suspended."

Record, Vol. IV, at 9–10.

Thus, the court's denial of probation was based on the number of offenses of which appellant was convicted and on the fact that the appellant had occupied a position of trust. We are in respectful disagreement with the trial court's ruling.

While there were fifteen offenses, the judgments imposed are to run concurrently. Also, while the evidence does reflect that appellant occupied a position of trust[1] when he embezzled the funds, that fact alone is not the substantial evidence required to support denial.

The appellant has made full restitution of the embezzled funds; he has sought and is receiving medical aid for his alcohol and drug problem; he has two degrees and has partially completed a third; he is married and the father of two children; and, most importantly, he is employed in a position of trust in the State of Missouri. There is also evidence that the State of Missouri will supervise appellant if the court grants probation.

Summed up, the evidence clearly conveys that society will best be served by allowing this appellant's sentence to be probated rather than to incarcerate him at State expense in prison. *Stiller v. State, supra.* In closing, since the evidence does not support the judgment denying probation, the judgment is reversed. The record is remanded so that the appellant may be placed on probation according to conditions set by the trial court.

DUNCAN and CORNELIUS, JJ., concur.

---

1. This is not the same position of trust as that of a public official, *e.g.*, a police officer, of whom an oath of office is required. *Woodson v. State*, 608 S.W.2d 591 (Tenn.Cr.App.1980).