**STATE of Tennessee, Appellee,**

v.

**Elbert F. (Sonny) BOULDIN, Defendant-Appellant.**

Supreme Court of Tennessee, at Nashville.

Sept. 29, 1986.

---

**4.** 223 Tenn. 12, 441 S.W.2d 482 (Tenn.1969).

Bernard K. Smith, B.G. Marks, McMinnville, for defendant-appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Bettye Springfield-Carter, Asst. Atty. Gen., Nashville, for appellee.

OPINION

DROWOTA, Justice.

Defendant, Elbert F. (Sonny) Bouldin, entered a plea of guilty to a charge of driving under the influence of an intoxicant, first offense, and was sentenced by the trial judge to eleven (11) months and twenty-nine (29) days in jail and fined $250.00. Defendant's Application for Permission to Appeal was granted on the sole issue of whether the trial court erred in imposing as a condition of probation the requirement that Defendant surrender the use and possession of one of his vehicles to the McMinnville City Police Department for storage during the period of his probation and suspension of his driver's license.

On September 21, 1983, Defendant was indicted by the Warren County Grand Jury for three offenses: driving under the influence of an intoxicant, third offense, carrying a pistol for the purpose of going armed, and resisting arrest. Pursuant to a plea agreement, Defendant entered a plea of guilty to the charge of driving under the influence of an intoxicant, first offense. After a sentencing hearing, the trial court sentenced Defendant to the maximum sentence for a first offense under T.C.A. § 55–10–403(a)(1)(Supp.1985), to be served consecutively with a previously imposed, unserved sentence of thirty (30) days for driving under the influence in 1981. Additionally, the trial court suspended Defendant's driver's license for a period of one (1) year, which extended the pre-existing period of revocation of his driving privilege to a total of two (2) years.

The trial judge then ordered that Defendant would be required to serve six (6) months of his sentence but granted probation for the remainder of the term if Defendant would agree to two conditions of probation: first, that Defendant attend weekly Alcoholics Anonymous meetings for the duration of the remaining sentence, and, second, that Defendant forfeit his 1984 Cadillac for the span of his license revocation (two years). No question is

raised as to the first condition of probation and we applaud the trial court's resourcefulness. As for the car, it was to be held in storage by the McMinnville Police Department during this time. The trial court also ordered that the car could not be used by the Police Department while being stored.

The only witness to testify at the sentencing hearing on November 21, 1984, was Defendant. He stated that he was 54 years old and testified that he owned three vehicles, one of which no longer operated. The other two were a 1984 Cadillac and a 1977 four wheel drive pick-up truck. His testimony indicated that he used the Cadillac in his sales business and for pleasure, but the truck was primarily used for work on his farm. In determining that only the Cadillac should be subject to temporary forfeiture, the trial court reasoned that Defendant would be strongly "tempted to drive that twenty thousand dollar car as soon as he gets out," although the trial judge clearly recognized that Defendant could "kill [someone while driving under the influence] just as easily in that '77 pick-up as ... in that Cadillac." Regardless, he concluded that it was less likely that Defendant would drive his truck.

The Court of Criminal Appeals affirmed the sentence and the conditions of probation in a divided opinion. The majority of the panel held that, while such a condition as the forfeiture of a car was novel, it was not unreasonable or overly stringent in this case. Reviewing a number of cases concerning the propriety of various conditions of probation, the intermediate court concluded that so long as the conditions for probation were reasonably related to Defendant's rehabilitation and were not too burdensome, overly vague, arbitrary, patently vindictive, or violative of constitutionally protected rights, the trial court had the authority and discretion to impose any conditions that seemed appropriate to assist the Defendant in leading a law abiding life. The majority below relied upon T.C.A. § 55–10–403(c) and *Stiller v. State,* 516 S.W.2d 617 (Tenn.1974). The dissent argued, however, that such a forfeiture as required in this case exceeded the bounds of legitimate conditions of probation because such a requirement did not directly relate to Defendant's problematic behavior of driving under the influence, amounting to a harsh and oppressive taking of Defendant's property. For such a forfeiture to be valid, the dissent contended that it should be authorized by the Legislature, as had been done in a number of statutes.[1] Moreover, Judge Walker went on to argue that even if forfeiture might be appropriate in some cases, this was not one in which the condition imposed would control the Defendant's problem with driving under the influence, since he would be just as likely to drive his pick-up truck while under the influence as he would to drive his Cadillac. This dissent also pointed out that should some damage occur to Defendant's car while being stored, Defendant might be deprived of a remedy to recover any loss. Having granted Defendant's Rule 11, T.R. A.P., Application for Permission to Appeal on the issue of forfeiture, we now reverse.

■ The Legislature has prescribed certain conditions for probation in T.C.A. § 55–10–403(c) and has also permitted the trial court to exercise its discretion in determining whether these conditions should be supplemented in any given case. Nevertheless, the exercise of this discretion is not unrestrained and any abuse of discretion is subject to review. *Stiller v. State, supra,* at 620. "[T]he conditions imposed must be reasonable and realistic and must not be so stringent as to be harsh, oppressive or palpably unjust." *Id. Cf. State v. Bryant,* 678 S.W.2d 480, 484 (Tenn.Crim.App.1984) (Factors relevant in the exercise of discretion in deciding whether to grant or deny a restricted license under T.C.A. § 55–10–403). *Stiller* has subsequently been applied in context of whether the trial court abused its discretion in granting or denying probation. *See, e.g., State v. Bell,* 664 S.W.2d 288 (Tenn.1984); *State v. Welch,* 565 S.W.2d 492 (Tenn.1978); *State v. Miller,* 638 S.W.2d 430 (Tenn.Crim.App.1982).

1. Judge Walker's dissent cited T.C.A. §§ 39–1–901, 39–3–213, 39–6–420, and 53–11–409 as examples of such legislative authorizations.

This case is neither squarely controlled by *Stiller* or its progeny nor does it involve any particular abuse of the trial court's discretion.

■ While we recognize that the trial court in this case sincerely and competently struggled to determine the appropriate sentence and to impose effective conditions of probation on Defendant, we are of the opinion that a condition of probation requiring forfeiture of property is a matter best suited for legislative consideration. Procedures for taking and storing property either as part of the punishment or as a condition of probation for driving under the influence should be authorized by legislation as part of the statutory scheme found in T.C.A. §§ 55–10–401, *et seq.* Not only did other persons, if any, who may have had an interest in the property forfeited not have notice of the possible forfeiture, but the manner of storage of the car was too indefinite in the trial court's order (aside from the prohibition on use by the McMinnville Police Department). The proper maintenance of the automobile was not explicitly required by the order and no remedy for any recoverable loss or depreciation to the property during the period of forfeiture was provided.[2] Whether Defendant could choose to sell the car, while it retained its highest resale value, rather than allow it to depreciate during two years of storage is not clear from the trial court's order as well. Moreover, the record is simply silent regarding the existence of a security interest held by some third party in the car or whether anyone has some protectable interest in the car as a relative, family member, or otherwise. In short, the record does not provide a basis of itself to justify the forfeiture and no statute authorizes such action by the trial court.

■ In this regard, T.C.A. § 55–10–403 provides with exacting particularity the range and types of punishments that may be imposed upon a person convicted of driving under the influence. *See* T.C.A. § 55–

10–403(a)(1)(Supp.1985). T.C.A. § 55–10–403(c) does permit a trial court to exercise its discretion in imposing conditions for probation, allowing "any conditions of probation which are reasonably related to the offense" and particularly requiring certain conditions when appropriate. T.C.A. § 55–10–412 also permits additional penalties that prohibit a person convicted of driving under the influence from operating a motor vehicle for certain periods, the violation of which is punishable as contempt. From reading T.C.A. §§ 55–10–401, *et seq.*, we are convinced that the Legislature is both the appropriate branch of government to prescribe procedures in cases such as this and capable of mandating the extent and nature of available punishments as well as of the conditions of probation for the offense of driving under the influence of an intoxicant.

Clearly, courts in this State are struggling with the persistent problem of offenses involving driving under the influence, but when a condition of probation requires forfeiture of property, even if only temporarily, constitutional values are implicated, and we think that the method of such forfeitures should be explicitly formulated by legislation to protect these interests in property. In this case at least, whether forfeiture of only one of Defendant's two vehicles would have the desired effect is not clearly shown on this record. Accordingly, we reverse the judgments of the trial court and of the Court of Criminal Appeals with regard to the forfeiture of Defendant's car and remand the case for further proceedings to establish additional conditions of probation, if any, not inconsistent with this opinion. Costs are taxed to the State.

BROCK, C.J., and FONES, HARBISON and COOPER, JJ., concur.

2. Automobiles that are to be stored for long periods must still be maintained regularly to

preserve the value and utility.