STATE of Tennessee, Appellee,

v.

Walter STOCKL, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

July 7, 1994.

James A. Nidiffer, Johnson City, for appellant.

Charles W. Burson, Atty. Gen., Ellen H. Pollack, Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Rebecca H. Davenport, Asst. Dist. Atty. Gen., Blountville, for appellee.

## OPINION

SCOTT, Presiding Judge.

The appellant was convicted of reckless endangerment, aggravated assault and carrying a weapon on school property. For the reckless endangerment, he received a sentence of one year in the state penitentiary. For the aggravated assault, he received a sentence of four years in the state penitentiary. For the carrying of a weapon on school property, he received a sentence of three months in the county jail. The sentences are to be served concurrently and the trial judge ordered him to be placed in the community corrections program for four years after serving three months in the county jail. On appeal the appellant has presented three issues, all of which relate to sentencing.

Since a sentencing issue has been raised in this appeal, we have conducted a *de novo* review on the record, with a presumption that the determinations of the trial judge are correct. Tenn.Code Ann. § 40–35–401(d).

First, the appellant contends that the trial judge erred by ordering him to serve three months in jail. Second, he contends that the trial judge erred by ordering him to undergo in-patient treatment for drug and alcohol abuse and mental health counselling in a halfway house. Finally, he contends that the trial judge erred by ordering him to move from his residence on Catawba Street and to never again "go about" that area or about the John Sevier Middle School in Kingsport.

The appellant lives across the street from the John Sevier Middle School. Children heckled him and threw trash in his yard. The people at the school also "parked everywhere." This annoyed the appellant, who went onto the school grounds in an angry rage armed with a loaded automatic pistol, which he pointed at two adults and three children. At the time he had been drinking and was taking anabolic steroids. He also has a history of marijuana and cocaine abuse, but contends that he does not "use anything" now, except the medications given to him by the doctors who are now treating his psychological problems. A psychologist and the appellant's wife testified that the appellant was very depressed at that time and did not remember the incident. The appellant testified that at the time of the incident he carried a gun with him at all times, even in his own home.

█ The appellant's only prior record consisted of two arrests for minor traffic offenses and a charge of "fighting" for which he was incarcerated for twenty-one days while he was a member of the German Army.[1] However, given the extremely serious nature of the appellant's offenses, the requirement that he serve three months in jail is lenient indeed.

█ Furthermore, the requirement that he undergo in-patient treatment for his alcohol and drug abuse is also entirely appropriate. In *State v. Stephen A. Blevins*, Tennessee Criminal Appeals, opinion filed at Knoxville, November 1, 1990, this Court affirmed the requirement that the appellant enter an alcohol abuse treatment program as a condi-

1. The appellant is a native of Regensburg, Ger- many who emigrated to the United States.

tion of probation. In that case the appellant's offenses were property offenses and endangered no one. In this case the appellant clearly endangered five people and it was a miracle that no one was injured.

■ As to the final requirement that the appellant move away from his property, the trial judge erred. The net effect of this was to require the appellant to vacate the home in which he and his wife lived. The appellant is an unemployed body builder. He has no significant income and his wife works and supports him and her mother, who lives with them.[2] The requirement that they sell or lease their home and move would put a great burden on the appellant's wife and her mother, neither of whom was charged or implicated in these crimes in any way.[3]

In *State v. Bouldin*, 717 S.W.2d 584, 587 (Tenn.1986), our Supreme Court struck down an innovative condition of probation by which the trial judge attempted to require a probationer, who was convicted of driving under the influence of an intoxicant, to forfeit his Cadillac automobile for the period of probation. In that case our Supreme Court held that a condition of probation requiring forfeiture of property even temporarily implicates constitutional values and is a matter best suited to legislative consideration. So far, our General Assembly has not seen fit to grant the courts of this State the authority to require forfeiture of property as a condition of probation.

The order that the appellant move from his residence would force him and his family to either sell or lease their residence. Thus, the order was beyond the trial court's jurisdiction and that requirement is stricken as a condition of the appellant's probation.

This cause is reversed and remanded to the trial court with directions to fashion a less restrictive condition of probation that will insure that the appellant will not enter the property of John Sevier Middle School, but allowing him to continue to occupy his home.

WHITE, J., and WILLIAM M. DENDER, Senior Judge, concur.

---

**2.** The appellant reported that he is a body building instructor. He earns about $100.00 per week from his clients when he works.

**3.** The probation report indicates they own their home, which is valued at $55,000.00, with an outstanding indebtedness against it in the amount of $22,429.92.