IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 23, 2002

## STATE OF TENNESSEE v. GREGORY PIERCE

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S42,869     R. Jerry Beck, Judge**

---

**No. E2001-01734-CCA-R3-CD**
**February 21, 2003**

---

The defendant, Gregory Pierce, pled guilty to attempted rape of a child, and the trial court accordingly sentenced him to serve eight years as a Range I standard offender for that conviction. After conducting a hearing, the trial court denied the defendant's request for alternative sentencing based upon the defendant's pre-sentence report, which includes a risk assessment evaluation outlining the defendant's potential to re-offend. The defendant now appeals the trial court's denial of his alternative sentencing request, arguing that the denial was improperly based on his polygraph results. After reviewing the record, we find that the trial court acted properly and accordingly affirm the defendant's sentence.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOE G. RILEY and THOMAS T. WOODALL, JJ., joined.

Steve McEwen, Mountain City, Tennessee, (on appeal), and Terry Jordan, Assistant Public Defender, Blountville, Tennessee, for the Appellant, Gregory Pierce.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; Greeley Welles, District Attorney General; and James Goodwin, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

The defendant had sexual relations with a twelve-year-old girl, A.D.,[1] which resulted in A.D.'s pregnancy. The defendant claims that he remembers having sexual thoughts about A.D., but he states that he does not remember having sex with her due to his extreme intoxication at the time

---

[1] It is the policy of this Court to identify under-age victims of sexual abuse by initials only.

of the encounter. Based on these facts, a Sullivan County grand jury indicted the defendant for rape of a child, and the defendant pled guilty to the lesser charge of attempted rape of a child.

Prior to the defendant's probation hearing, the trial court ordered a mandatory risk assessment, which was administered by Dr. Michael Adler, the clinical director of Counseling and Consultation Services [hereinafter CCS]. During the defendant's sentencing hearing, Dr. Adler testified that he had determined that the defendant was at a moderate risk to re-offend based on his lack of empathy for his victim and test results reflecting the defendant's apparent sexual preference for minors, both male and female. During Dr. Adler's interview with the defendant, the defendant denied having sexual contact with other minors besides A.D. Dr. Adler testified that the defendant would be amenable to out-patient treatment and was, therefore, a suitable candidate for probation. The risk assessment report reflects this recommendation, as well. However, the recommendation was based on the defendant's assertion that he had only had sexual contact with one minor, namely A.D. Accordingly, Dr. Adler conditioned the recommendation on the defendant's truthfulness about his lack of prior sexual contact with other minors. Furthermore, Dr. Adler recommended that the defendant undergo a polygraph test to ensure the veracity of the defendant's claim. The defendant eventually did submit to a polygraph examination, and CCS reported that the defendant "demonstrated deception" when answering two questions about the truthfulness of his claim that, since his nineteenth birthday, he had sexual contact with only one minor, A.D. The trial court ultimately denied the defendant's request for an alternative sentence finding that the defendant is an unsuitable candidate for probation based on his risk assessment results.

As noted above, the defendant now appeals the trial court's denial of his request for alternative sentencing. After reviewing the record, we find that the trial court's decision is supported by the facts in the record and accordingly affirm the defendant's sentence.

## Standard of Review for a Trial Court's Sentence Determination

This Court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). However, this presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is simply de novo. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) (Sentencing Commission Comments). In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

(1) the evidence, if any, received at the trial and the sentencing hearing;
(2) the presentence report;
(3) the principles of sentencing and arguments as to sentencing alternatives;
(4) the nature and characteristics of the criminal conduct involved;

(5) evidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and

(6) any statement the defendant wishes to make in his own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b).

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Id. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less and who is not an offender for whom incarceration is a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation of the defendant unless rebutted by sufficient evidence in the record. Id. at 380. This presumption may be rebutted by evidence demonstrating the defendant's unfitness for probation or alternative sentencing and may include the following sentencing considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1). A court may also apply the mitigating and enhancement factors set forth in sections 40-35-113 and 114, as they are relevant to the section 40-35-103 considerations. Id. § 40-35- 210(b)(5). Finally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining whether to grant an alternative sentence. Id. § 40-35-103(5).

### The Trial Court Properly Denied Alternative Sentencing

The defendant argues that the trial court erroneously refused to grant his request for alternative sentencing based on the results of his polygraph, which evidenced his untruthfulness about his prior sexual experience with other minors. However, the record indicates that the defendant failed to object to the trial court's admission into evidence of the pre-sentence report, the pre-sentence risk assessment, and the latter supplement to the risk assessment that summarized the polygraph results.[2] Moreover, the defendant did not object when the trial court purportedly relied on the polygraph-based supplement to the defendant's risk assessment when denying the defendant's

---

2    In its opinion denying probation, the trial court noted that the defendant did object to the court's consideration of the polygraph results. However, no such objection is noted in the transcript of the proceedings.

request for alternative sentencing.[3]  See Tenn. R. App. P. 36(a) (stating that an appellate court is not required to grant relief to a party "who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error").  Accordingly, the defendant has waived this issue on appeal.  Nevertheless, we find that the trial court's sentence determination is supported by the record.

We first note that the defendant is a candidate for probation because he received an eight-year sentence.  See Byrd, 861 S.W.2d at 379-80.  However, the trial court was not required to presume that the defendant was a favorable candidate for alternative sentencing because the defendant pled guilty to a Class B felony, namely attempted rape of a child.[4]  See Tenn. Code Ann. §§ 39-13-522(b), 39-12-107(a), 40-35-102(6).  When determining whether the defendant was a suitable candidate for an alternative sentence, the trial court was required to consider the defendant's pre-sentence report.  Id. § 40-35-205(a), (d).  Additionally, because the defendant was convicted of a sex crime, the court was required, per Tennessee Code Annotated section 39-13-705(a) and (b), to consider the defendant's sexual offender risk assessment.  Id. § 39-13-705(a), (b).

The trial court found that the defendant was not a suitable candidate for probation on the basis of the defendant's initial risk assessment report and the supplement to that report.  As we noted above, the court was required to consider this risk assessment per statute.  Our Tennessee legislature has enacted a statute requiring the court to order and consider these assessments when sentencing a defendant convicted of committing a sexually related offense.  Id.  Moreover, the legislature has created, per section 39-13-704, a Sex Offender Treatment Board within the Department of Correction.  Id. § 39-13-704.  The board is empowered to "develop and prescribe a standardized procedure for the evaluation and identification of sex offenders."  Id. § 39-13-704(d)(1).

The trial court found that the publication that the Department of Corrections provides to each center administering risk assessments, Ethical Standards and Principles for Management of Sexual Offenders, was a set of administrative rules created pursuant to Tennessee Code Annotated section 39-13-704(d)(1).  Id.  A portion of these rules condones and encourages the use of polygraphs in order "to elicit information not available through traditional interviewing techniques."[5]  As an appellate court, it is not within our purview to second-guess the propriety of the policy decision that led the legislature to create the Sex Offender Treatment Board and to empower it to promulgate such rules.  See In re All Assessments, 67 S.W.3d 805, 821 (Tenn. Ct. App. 2001) ("It is not the prerogative of a Tennessee court . . . to question the reasonableness of a statute or second guess the

---

[3]  Additionally, defense counsel actually suggested that the trial court require that the defendant take a second polygraph test after receiving six months of treatment from CCS.

[4]  Nevertheless, the facts indicate that a rational trier of fact could have found the defendant guilty of rape of a child, as the defendant impregnated a twelve-year-old girl.

[5]  While our Tennessee Supreme Court has deemed polygraphs inherently unreliable and therefore inadmissible as evidence in court, see State v. Hartman, 42 S.W.3d 44, 61-62 (Tenn. 2001), we also note that some states have found that polygraphs, although inadmissible as evidence, may be validly used as a condition of probation due to their value as investigative tools.  See, e.g., People v. Miller, 256 Cal. Rptr. 587 (Cal. Ct. App. 1989).  See generally Anne M. Payne, Propriety of Conditioning Probation on Defendant's Submission to Polygraph or Other Lie Detector Testing, 86 A.L.R.4th 709 (1991).

policy judgments of the legislature."). Accordingly, we will not evaluate the propriety of the administrative rule encouraging the use of polygraphs by risk assessment centers.

Furthermore, while the trial court referred to the defendant's polygraph results in its order denying probation, we find that there is sufficient evidence in the record, excluding the polygraph results, to support the trial court's denial of probation. The defendant's risk assessment report indicates that the defendant has a moderate, i.e. 50%, risk of re-offending. Moreover, other factors that similarly favor the trial court's denial of the defendant's alternative sentence request are (1) the defendant's instances of untruthfulness; (2) his sexual attraction to minors as documented in his risk assessment; and (3) the facts of his case, which indicate that the defendant committed the greater offense of rape of a child, an offense for which he would not be eligible to receive probation.

As the trial court noted, the defendant's truthfulness or lack thereof is highly probative of his amenability to rehabilitation and thus his suitability for probation. See State v. Neely, 678 S.W.2d 48, 49 (Tenn. 1984). There are several instances demonstrating the defendant's untruthfulness. First, the defendant denied any past drug use, while his pre-sentence report indicates that he had been observed using marijuana. Secondly, he claims that he was so intoxicated on the night that he impregnated A.D. that he could not remember the encounter. However, during his probation hearing, the defendant claimed that A.D. had consented to the act. Moreover, the defendant stated that after this one incident, he abstained from further sexual contact with the victim, despite the fact that he continued to "date" the victim for several weeks after their initial encounter. However, we find that this claim is less plausible in light of the fact that the defendant's pre-sentence report reflects that, on several occasions, the victim spent the night with the defendant. Furthermore, the defendant sired at least two, possibly three, other children in the same approximate period of time that he sired the victim's child.[6]

The second factor supporting the trial court's decision to deny the defendant's request for probation is the defendant's sexual preference for minors, which was documented in his risk assessment report. CCS compiled the risk assessment report for the court, and in its report, CCS summarized the information that it gathered from each of its investigative techniques, including an interview with the defendant and a penile plethysmograph assessment. The penile plethysmograph assessment measured the defendant's "sexual responsiveness to a variety of stimulus objects across gender, age, and sexual activity." The defendant "exhibited significant arousal responses to all females from infant to 17 years old, male infants, males 2-5 years old, and males 12-17 years old." The defendant exhibited no "clinical significant arousal" to adult women, the age group that he purports to prefer sexually. As noted above, the defendant currently has at least three (his girlfriend's two children and the victim's child), possibly four, small children. Thus, there is a significant risk of his frequent interaction with these small children, a vulnerable age group for which he appears to have a sexual preference.

The facts and circumstances surrounding the defendant's crime also support the propriety of the trial court's denial of probation. See Tenn. Code Ann. § 40-35-210(b)(4). When determining

---

[6] In his pre-sentence report, the defendant admitted to having fathered his then-girlfriend's two children, who were ages two and one at the time of his pre-sentence report interview. Furthermore, he claimed that he may be the father of a third child, age two and a half, and that a paternity test had been performed to determine if he was the biological father of that child. However, he had not yet received the results of that test. Finally, we note that at the time of this interview, the victim's child was also approximately two years old.

whether a defendant should receive probation, "[i]t is . . . proper for a trial court to look behind the plea bargain and consider the true nature of the offenses committed." State v. Hollingsworth, 647 S.W.2d 937, 939 (Tenn. 1983) (finding that it was proper for the trial court to deny probation to a defendant convicted of robbery and attempt to commit a felony when the facts of his case demonstrated that he was guilty of armed robbery and citing State v. Welch, 565 S.W.2d 492 (Tenn. 1978), to support its finding). In the instant case, while the defendant pled guilty to attempted rape of a child, it appears that the defendant completed the offense and committed rape of a child, as he admitted to impregnating his twelve-year-old victim. Parenthetically, we note that if the defendant had been found guilty of rape of a child, his sentencing range would have been 15 to 25 years, see Tenn. Code Ann. §§ 39-13-522(b), 40-35-112(a)(1), and the defendant would have been required to serve the entirety of his sentence, see id. § 39-13-523(b). However, the defendant pled guilty to the lesser offense of attempted rape of a child, and he received an eight-year sentence, the minimum sentence that he was eligible to receive. See id. § 40-35-112(a)(2). Moreover, as a Range I standard offender, he will only be required to serve 30% of his eight-year sentence before he becomes eligible for release. See id. § 40-35-501(c) (Supp. 2002). Thus, the defendant's sentence does not seem unduly harsh when considering the true nature of the defendant's crime.

Thus, in light of the considerations discussed above, we find that the trial court properly denied the defendant's request for probation.


### Conclusion

The judgment of the trial court is AFFIRMED.


                              _____

                              JERRY L. SMITH, JUDGE