# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
April 13, 2004 Session

## STATE OF TENNESSEE v. MICHAEL K. MILLER

**Direct Appeal from the Criminal Court for Shelby County**
**No. 02-02085     Bernie Weinman, Judge**

---

### No. W2003-01621-CCA-R3-CD - Filed July 27, 2004

---

Aggrieved of the order to serve 90 days of his two-year sexual battery sentence in confinement, the defendant, Michael K. Miller, appeals. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Joseph Ozment and Jesse W. Dalton, III, Memphis, Tennessee, for the Appellant, Michael K. Miller.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General; William L. Gibbons, District Attorney General; and Kevin Rardin, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

During the course of his jury trial on a charge of rape of a child, the defendant entered into an agreement with the state for the submission of a "best-interests" guilty plea. The plea agreement specified that the defendant pleaded guilty to sexual battery, a Class E felony, and that he would receive a Range I sentence of two years. The agreement provided that the trial court would determine the manner of service of the sentence.

The trial court conducted a plea-acceptance hearing pursuant to Tennessee Rule of Criminal Procedure 11(c). The parties agreed that, had the trial progressed to a conclusion, the state would have presented evidence that the defendant performed cunnilingus upon the victim, the six-year-old granddaughter of the defendant's fiancee. Following the guilty plea, the court acquired a presentence report, *see* Tenn. Code Ann. §§ 40-35-205, -206 (2003), which revealed that the 43-year-old defendant had been employed and had acquired a criminal record consisting only of February 2000 convictions of driving on a suspended license and failure to yield.

In the sentencing hearing, *see id.* § 40-35-209 (2003), the defendant's counsel adopted the defendant's trial testimony, in which he denied the victim's allegations that he had sexual contact with her in her grandmother's home. In the hearing, the defendant testified that he was employed, was a skilled mechanic, and had been honorably discharged from the Marines. He testified that he held an office in his local church, where he attended meetings or services several times a week. On cross-examination, the defendant agreed that one who commits sexual battery against a six-year-old girl should be punished, although he maintained that he had not actually had sexual contact with the victim.

The trial court, determining that the seriousness of the offense should not be diminished or depreciated, ordered the defendant to serve 90 days of his two-year sentence in confinement. Following his release, he would remain on probation for two years.

On appeal, the defendant claims that the trial court erred in denying his bid for full probation, in denying periodic confinement, and in failing to consider judicial diversion. The state argues that the trial court acted within its discretion in denying full probation and ordering split, as opposed to periodic, confinement. We agree with the state. The state also claims in its brief that the defendant was ineligible for judicial diversion. In oral argument, the state also posited that the defendant forfeited any bid to gain judicial diversion because he failed to request it. We agree with the state on this latter point. As such, we affirm the lower court's judgment.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. *See* Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In making a felony sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. *See* Tenn. Code Ann. § 40-35-210(a), (b) (2003); *id.* § 40-35-103(5) (2003); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2003). However, a defendant who commits "the most severe offenses, possess[es] a criminal histor[y] evincing a clear disregard for the laws and morals of society, and [has failed] past efforts at rehabilitation" does not

enjoy the presumption. *See id.* § 40-35-102(5), (6) (2003); *State v. Fields*, 40 S.W.3d 435, 440 (Tenn. 2001). Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. Tenn. Code Ann. § 40-35-103(5) (2003). Sentencing issues are to be determined by the facts and circumstances presented in each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

The defendant in this case enjoys the presumption of favorable candidacy for alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(6) (2003). Moreover, he is eligible for probation. *See id.* § 40-35-303(a) (2003). Unlike the presumption of favorable candidacy for alternative sentencing in general, a defendant bears the burden of demonstrating the suitability of probation, in particular. *State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000). To meet that burden, the defendant must show that probation will "subserve the ends of justice and the best interest of both the public and the defendant." *Id.* at 456 (citation omitted). In that regard, the trial court appropriately considers the defendant's candor and credibility, or lack thereof, as indicators of his potential for rehabilitation. *See, e.g., State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999), *perm. app. denied* (Tenn. 2000); *State v. Goode*, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997).

Looking first at the issue of whether the trial court should have granted a shorter term of confinement or, at least, periodic confinement, we notice that the defendant *did* receive an alternative sentence. Split confinement is an alternative sentencing option. *State v. James A. Howard*, No. 03C01-9608-CC-00284, slip op. at 7 (Tenn. Crim. App., Knoxville, Feb. 24, 1997). *State v. James E. Allred*, No. 03C01-9504-CR-00110, slip op. at 2 (Tenn. Crim. App., Knoxville, Mar. 20, 1996). "The benefit the defendant enjoyed in being presumed a suitable candidate for alternative sentencing has been depleted [by the grant of alternative sentencing]." *State v. Kenneth B. Johnson*, No. 02C01-9612-CR-00476, slip op. at 8 (Tenn. Crim. App., Jackson, Feb. 12, 1998).

Moreover, we discern no basis in the record for implementing periodic confinement, as opposed to split confinement, or in imposing confinement shorter than 90 days. Accordingly, our analysis is directed to whether the trial court erred in *denying full probation* to the defendant. *See, e.g., id.* This analysis is grounded in the rule that the defendant bore the burden of demonstrating in the trial court that he was entitled to full probation. *See Bingham*, 910 S.W.2d at 455.

Because the trial court declined to review on the record the statutory principles and considerations applicable in the present case, we decline to afford the trial court the presumption of correctness of its sentencing determination. Nevertheless, the defendant has failed to carry his burden on *de novo* appellate review of establishing entitlement to full probation.

We are mindful that it is "proper for a trial court to look behind the plea bargain and consider the true nature of the offenses committed." *State v. Hollingsworth*, 647 S.W.2d 937, 939 (Tenn. 1983) (citing *State v. Welch*, 565 S.W.2d 492 (Tenn. 1978)). In the present case, the trial court heard the victim's testimony that the defendant had not only sexually battered the victim but that the sexual battery to which the defendant pleaded was actually aggravated. *Compare* Tenn.

Code Ann. § 39-13-505 (2003) (proscribing sexual battery, a Class E felony, as unlawful sexual contact accomplished, *inter alia,* without the victim's consent) *with id.* § 39-13-504 (2003) (proscribing aggravated sexual battery, a Class B felony, as sexual battery committed against one who is less than thirteen years of age). Thus, taking into account the "true nature" of the offense under review as part of the "nature and circumstances of the criminal conduct" that we are mandated to consider, *see id.* § 40-35-210(b)(6) (2003), we conclude, as did the trial court, that some measure of confinement is necessary to avoid depreciating the seriousness of the offense, *see, e.g., State v. Steven A. Bush*, No. 01C01-9605-CC-0022, slip op. at 6-7 (Tenn. Crim. App., Nashville, Jun. 26, 1997) (Code section 40-35-103(1)(B)'s reference to the sentencing court avoiding depreciating the seriousness of the offense as a basis for a sentence involving confinement has conceptual genesis in "the nature and circumstances" of the offense as a sentencing factor). We conclude that the public interests in not depreciating the "true" offense under review justifies a sentence involving 90 days' confinement. Accordingly, we affirm the trial court's imposition of such a sentence.

In the defendant's final issue, he claims that the trial court erred in not considering – and presumably granting – judicial diversion. "Judicial diversion" is a reference to Tennessee Code Annotated section 40-35-313(a)'s provision for a trial court's deferring proceedings in a criminal case. *See* Tenn. Code Ann. § 40-35-313(a)(1)(A) (2003). The result of such a deferral is the trial court places the defendant on probation "without entering a judgment of guilty." *Id.* To be eligible or "qualified" for judicial diversion, the defendant must be found – or plead – guilty to an offense that is not "a sexual offense or a Class A or Class B felony," and the defendant must not have previously been convicted of a felony or a Class A misdemeanor. *Id.* § 40-35-313(a)(1)(B)(i) (2003). Diversion requires the consent of the qualified defendant. *Id.* § 40-35-313(a)(1)(A) (2003).

The state argues that the defendant is ineligible for judicial diversion because he has pleaded guilty to a sexual offense. Although Code section 40-35-313(a)(1)(B)(ii) defines "sexual offense" as "conduct which constitutes . . . [a]ggravated sexual battery . . . ; [r]ape of a child . . . ; [or] [s]exual battery by an authority figure," and although the section's definition of "sexual offense" does not include a non-authority-figure act of sexual battery, the state claims that the reviewing court should look to the offense charged and not to the guilty-pleaded offense in determining eligibility. The state relies upon the section's definition of sexual offenses as including "conduct which *constitutes*" offenses such as aggravated sexual battery or rape of a child. *See id.* § 40-35-313(a)(1)(B)(ii) (2003) (emphasis added).

As interesting as this issue may be, we need not and should not adjudicate it because, in our view, the defendant has waived our consideration of his claim to judicial diversion.

Judicial diversion is available when a qualified defendant consents to the deferral. *See id.* § 40-35-313(a)(1)(A) (2003). Although a trial court is required to automatically consider probation for defendants who are eligible for probation, *see id.* § 40-35-303(b) (2003), and although probation is a component of judicial diversion, *see id.* § 40-35-313(a) (2003), the Code does not require automatic consideration of judicial diversion, which is a tentative disposition wherein a probationary term is imposed without the entry of a conviction judgment. Moreover, the statutory

-4-

presumption of favorable candidacy for alternative sentencing does not embrace judicial diversion as an alternative sentence. *See id.* § 40-35-104 (2003); *State v. Anderson*, 857 S.W.2d 571, 573 (Tenn. Crim. App. 1992). Rather, the defendant hopeful of judicial diversion must consent to deferral of the proceedings, the probationary regimen, and the payment of administrative expenses. *See* Tenn. Code Ann. § 40-35-313(a) (2003). Although section 40-35-313 does not *per se* prescribe a petition or application for judicial diversion, the defendant who wishes to raise the issue on appeal must plan his reckoning with Tennessee Rule of Appellate Procedure 36(a), which provides that "relief may not be granted in contravention of the province of the trier of fact" and that relief is not assured to an appellant "who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."

Therefore, we cannot countenance a request for judicial diversion raised for the first time on appeal; the trial court had no opportunity, in the absence of the defendant's indication of consent to judicial diversion, to evaluate the merits of a disposition *via* diversion. *See State v. Hammersley*, 650 S.W.2d 352, 355 (Tenn. 1983) (a court considering a diversion request must consider, along with the circumstances of the offense, "the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant"). The issue of judicial diversion has been waived.

This determination of waiver is buttressed by the recognition that the defendant pleaded guilty *via* a negotiated plea agreement that called for a specific sentence, without provision for a judicial diversion request. In this situation, "judicial diversion was not available . . . absent a clear understanding with the State that such a request would be made." *State v. Hollie D. Campbell*, No. E2000-00373-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, July 2, 2001), *perm. app. denied* (Tenn. 2001).

For the foregoing reasons, the judgment of the trial court is affirmed. We have noticed, however, an error in the trial court's judgment. It fails to indicate the service of 90 days' confinement followed by two years' probation. The transcript of the sentencing hearing clearly articulates the trial court's imposition of 90 days' confinement followed by two years' probation. In this situation, the transcript controls. *State v. Davis*, 706 S.W.2d 96, 97 (Tenn. Crim. App. 1985). Therefore, upon remand, the trial court shall amend the judgment to reflect the terms of the sentence as announced in the sentencing hearing transcript.

_____
JAMES CURWOOD WITT, JR., JUDGE

-5-